THEODORE PURDY, Appellant, *v.* J. IRVING PURDY, Individually and as One of the Executors, etc., of JACOB G. PURDY, Deceased, Respondent, Impleaded with Others.

*Will — when a gift of " all the rest of my property, after paying all the legacies,"*
*does not charge them on the real estate.*

A testator whose real property consisted of a farm only, by his will bequeathed to his children and grandchildren certain legacies, and then provided as follows: "All the rest of my property, after paying all the legacies and my lawful debts and funeral expenses, I give, together with my farm, to my son, Jacob Irving Purdy. My executors to serve without pay.

"I direct my executors, hereinafter named, to collect all my outstanding obligations and pay the same as directed by this my will."

*Held,* that the word "property," as used by the testator, applied only to personal property;

That the legacies were not a charge upon the farm, but were to be subtracted from the personal property, and that what remained of such personal property after the payment of the debts and legacies passed, with the farm, to the testator's son, Jacob Irving Purdy;

That the provision directing the executors to collect the "outstanding obligations and pay the same as directed" by the will, although it was obscurely phrased, indicated that the intention of the testator was to pay the creditors and legatees from the money so collected, he having reason to believe that it would suffice for that purpose.

APPEAL by the plaintiff, Theodore Purdy, from a judgment of the Supreme Court in favor of the defendant, J. Irving Purdy, individually and as one of the executors, etc., of Jacob G. Purdy, deceased, entered in the office of the clerk of the county of Westchester on the 16th day of May, 1898, upon the decision of the court rendered after a trial at the Westchester Special Term.

*A. J. Adams,* for the appellant.

*A. S. Tompkins,* for the respondent.

Judgment affirmed, with costs, on opinion of DYKMAN, J., at Special Term.

All concurred.

The following is the opinion of DYKMAN, J., at Special Term:

DYKMAN, J.:

This suit is brought for the purpose of securing a judgment which shall charge the farm of the defendant, J. Irving Purdy, with the payment of certain legacies bequeathed to the legatees by the last will and testament of Jacob G. Purdy, deceased, and the result of the suit is dependent upon the construction of that instrument. The will is short. It first bequeaths eleven legacies to the children and grandchildren of the testator, amounting in the aggregate to $4,311, and then proceeds as follows:

"All the rest of my property, after paying all the legacies and my lawful debts and funeral expenses, I give, together with my farm, to my son, Jacob Irving Purdy. My executors to serve without pay.

"I direct my executors, hereinafter named, to collect all my out-

standing obligations and pay the same as directed by this my will; likewise, I make and appoint my son J. Irving Purdy and my son Theodore Purdy to be executors of this my last will and testament."

Then follows the attestation clause.

While the word " property" in its general signification is sufficiently comprehensive to include both real and personal property, it applies in this will to personal property especially. The language is: " All the rest of my property, after paying all the legacies and my lawful debts and funeral expenses, I give, together with my farm, to my son. * * * "

The farm was the only real property the testator owned, and that was annexed to the residue of the property left after the debts and legacies were paid. It is to be borne in mind that the farm was not mingled with the whole of the other property from which the debts and legacies were to be paid. It was united with the rest of that property which remained after such payments had been made, and after annexation of such residue to the farm, the consolidated property was given to the son.

It was part real, part personal. The farm was real and passed in its integrity, and the rest was personal; and that residue was the remainder of the property, from which the debts and legacies were to be paid, after they had been paid from it. It follows logically and demonstratively that the personal property of the testator was charged with the payment of the legacies, and that the real property was not so charged.

The farm was separated and so designated by name as a distinct thing to be given with the other property left after the payment from it of the debts and legacies.

Then again the executors were directed to collect the outstanding obligations and pay the same as directed by the will; although that sentence which contains the direction is obscure, yet the evident intention of the testator was to direct the executors to collect the obligations he held, and pay the creditors and legatees from the money so collected.

There was no disposition of the personal property of the testator made by his will except its devotion to the payment of debts and legacies and the bequest of the residue with the farm to the son

J. Irving Purdy, and, therefore, no deficiency of the personal property was created by the will. The insufficiency was occasioned in part, at least, by the failure to collect the outstanding obligations.

In most of the cases where an intention to charge real estate with the payment of legacies was not expressed, and the inference of such intention has been drawn from the residuary clause of the will, there has been language employed which showed that the legacies were in the mind of the testators as being a subtraction from the real estate, which was to leave the rest and residue of it. " The cases * * * in which legacies have been charged upon the real estate, on the strength of the residuary clause, are where the language of it was such * * * as that the court could well hold that there was a blending of the two kinds of property, the whole estate into one mass, and that a gift of the residue so blended imported an intention that the legacies were to be paid first thereout." (*Bevan* v. *Cooper*, 72 N. Y. 325.)

In this will the language of the residuary clause shows clearly that the legacies were to be subtracted from the personal property, and that such subtraction was to leave a rest and residue, which, together with the farm, was given to the son. The peculiar language employed by the testator indicates an anticipation of the residue of personal property after the payment of legacies, for, immediately after giving the legacies, he says, " All the rest of my property, after paying all the legacies and my lawful debts and funeral expenses, I give, together with my farm, to my son." The phrase " rest of my property" refers to the personal property which the testator expected would remain after the debts and legacies were all paid from it.

The words " together with my farm" are independent of the rest of the sentence, and the word " together" is employed to annex the farm to the residue of the personal property.

This examination leads to the conclusion that the legacies are not a charge upon the land, and that determination does not convict the testator of the inconsistency of giving legacies without making provision for their payment. He had reason to believe that his personal property would be sufficient for that purpose. It does not appear that he owed any debts, and if the promissory note which he held against his son had been collected by his executors, as he directed,

his personal property would have fallen but little short of paying the legacies.

This conclusion is in accordance with the general rule that the personal property is the primary fund for the payment of legacies, and it is the only fund, unless an intention, expressed or implied, can be collected from the will in connection with the circumstances surrounding the testator at the time of the execution of the will; unforeseen circumstances occurring subsequent to the execution of the will may not avail to show a different intention. (*Bevan* v. *Cooper*, *supra ; Morris* v. *Sickly*, 133 N. Y. 456.) Judgment must be entered in favor of the defendants dismissing the plaintiff's complaint, with costs to the defendant J. Irving Purdy; no allowance. Let findings be prepared in accordance with this opinion.