## MORTON *v.* JOHNSTON.

1. EXECUTORS AND ADMINISTRATORS — ACCOUNTING — APPEAL—
QUESTIONS OF FACT—JURY.

Upon an appeal from the allowance of an administrator's final
account, it was proper, under 1 Comp. Laws 1897, § 673, to
submit as questions of fact to a jury the issues whether the
administrator had agreed to serve without compensation, and
whether a tax title bought by him in the name of another
was taken for the benefit of the estate.

2. SAME—COMPENSATION—EVIDENCE.

Where, in proceedings to settle an administrator's account,
contestant testified that she consented to his appointment
by reason of his promise to act without compensation, a writ-
ten consent of contestant to his appointment as administrator
in a foreign jurisdiction was properly excluded, since it did
not tend to negative contestant's testimony.

3. SAME—SALE OF PROPERTY.

Where an administrator, after obtaining an order from the pro-
bate judge permitting him to sell the personal property of the
estate "at private sale, at the best price obtainable," sold
the same at auction at a sacrifice, without giving notice of
the sale, as required by 3 Comp. Laws 1897, § 9431, it was
proper to charge him in his account with the difference be-
tween the value of the property and the amount realized.

4. SAME—CONVERSION—INVENTORY—VALUE—APPEAL.

Where the court, in settling an administrator's final account,
charged him with property converted at its inventory price,
it will be assumed on appeal that such price, in the opinion of
the court, represented the actual value of the property.

5. SAME—REOPENING PARTIAL ACCOUNT—FRAUD.

Items allowed to an administrator on a partial account, after
notice to persons interested as required by 3 Comp. Laws 1897,
§ 9441, are not open to attack in the final accounting, except
on the ground of fraud unknown at the time of allowance.

Error to Wayne; Waite, J.   Submitted April 6, 1900.
Decided July 7, 1900.

124 MICH.—36.

| | |
|---|---|
| 124 | 561 |
| f124 | 595 |
| 124 | 561 |
| s83NW | 369 |
| 124 | 561 |
| 134 | ³501 |
| 124 | 561 |
| 138 | ⁵148 |
| 124 | 561 |
| 152 | ⁵240 |
| 124 | 561 |
| f154 | ⁶355 |

Amy Johnston Morton appealed from an order of the probate court allowing the final account of William Johnston, Jr., as administrator of the estate of William Johnston, Sr., deceased. From a judgment for contestant, the administrator brings error. Modified.

*Moore & Moore*, for appellant.

*T. M. Morton* and *W. H. Woodbury*, for appellee.

Montgomery, C. J. The case below was an appeal from the allowance of the account of William Johnston, administrator of the estate of William Johnston, Sr. The appeal was tried before Judge Waite and a jury. It was claimed by Mrs. Morton that the administrator should be charged with the appraised value of the personal property, instead of the proceeds of the sale thereof; that a certain $225 claimed to have been paid for a tax title should not be allowed; that a charge in this account of $75 for services should not be allowed, for the reason that the administrator agreed to act without compensation; and that $150 credit to the administrator, allowed in his first accounting, should be charged back to him, for the same reason. The court determined, as matter of law, under the proofs, that the administrator had no right to sell the personal property, and charged his account with $761.50, the inventoried price, less $65,. which had been credited to the estate as the proceeds of the sale of the property. The questions whether there was an agreement by the administrator to serve without compensation, and whether the tax title was purchased for the benefit of the . estate, were submitted to the jury. The first question was answered in the affirmative, and the latter in the negative. The court thereupon disallowed the item for tax title, and the charge of $75 for services in the present account, and also charged back $150 allowed for services in the earlier account.

1. It is claimed that the court should not have called a jury at all, as the case involves an accounting for services

and allowances, which are discretionary. But we are satisfied that it was proper to submit to the jury the distinct questions of fact which were decided. If there was an agreement to serve without compensation, no discretion of the court could be invoked in fixing the amount to be allowed. So, if the tax title was not bought for the benefit of the estate, it was not a proper charge. The case is in this respect unlike *Gott* v. *Culp*, 45 Mich. 265 (7 N. W. 767); *Wisner* v. *Mabley's Estate*, 70 Mich. 271 (38 N. W. 262); and the other cases cited by counsel for the administrator. That it is proper to submit a question of fact to a jury, see 1 Comp. Laws 1897, § 673; *In re Stebbins' Estate*, 94 Mich. 304 (54 N. W. 159, 34 Am. St. Rep. 345); *Grovier* v. *Hall*, 23 Mich. 7.

2. The contestant testified that the administrator procured her consent to his appointment as administrator by agreeing to act without compensation. The administrator offered in evidence a consent that he be appointed admin-istrator in Canada, which was excluded as immaterial. This ruling was right. We fail to see how it tended to negative the testimony of contestant.

3. Personal property came into the hands of the administrator, inventoried at $761.50. In his account the estate was credited with but $65, proceeds of an auction sale of this property. It appears that in April, 1892, the administrator filed a petition, under section 9431, 3 Comp. Laws 1897, asking that he be authorized to sell the property at public or private sale. The probate judge made an order that he sell "at private sale, at the best price obtainable." The statute cited expressly provides that, in case an order to sell at auction be made, the court shall direct the mode of giving notice of the time and place of sale. This was not done in this case, nor was any notice of the intended sale given to the distributees. The administrator having sought authority and obtained it, he must be held bound to pursue the authority granted. It becomes unnecessary, therefore, to decide whether the situation of the estate was such as to justify an order of sale. Clearly, the adminis-

trator did not follow the authority granted. The circuit judge charged the administrator with the property at its inventoried price. We must assume that the court was of the opinion that this represented its value. This item will not be disturbed.

4. The jury having found that there was an agreement to administer the estate without compensation, the circuit judge disallowed the claim for compensation since the rendition of the last account, and also surcharged the account of the administrator with the item of $150 allowed in the first account for services. In any view, the item of $75 was open to dispute. *Jacobson* v. *Miller*, 41 Mich. 90 (1 N. W. 1013). And, as the jury found an agreement to act without compensation, we think the charge was properly disallowed.

Was the allowance of the first account so far tentative that the items are open to attack when no fraud is shown? No claim is made that the parties were not notified of the hearing on this account, and the statute (3 Comp. Laws 1897, § 9441) requires such notice. We are cited to cases from other States holding that the allowance of an administrator's annual account is only *prima facie* evidence of its correctness, but we find no case in which this is held under a statute like ours. The case of *Musick* v. *Beebe*, 17 Kan. 47, is illustrative. In that case it was held that there was a broad distinction between the allowance of the annual account and the final account. The reason given is that the annual accounts are allowed without notice to those interested, while notice of settlement of final accounts is required. As to the item for services included in the first account, we think the contestant should have made this objection thereto on the hearing of that account, and, failing to do so, she is concluded; it appearing that she was in no way misled by any fraud of the administrator. Had there been any omission of credit or concealment of assets, a different rule would apply.

5. The only remaining item is the charge for tax title obtained on property of the estate by the administrator,

and taken in the name of another.   The jury found that this title was not taken in the interest of the estate, and there was abundant evidence to justify the finding.

The account of the administrator will be credited with this item of $150, and, as he is charged with interest on this amount in his account, $53.15 of interest should be deducted; leaving the amount for which he should account to the estate $1,638.85, as of the date of the judgment below.   The administrator will recover costs of this court, to be paid out of the funds in his hands.   In all other respects the order of the circuit court is affirmed.

The other Justices concurred.