*In re* CORBY'S ESTATE.

1. APPEAL AND ERROR — REVIEW — QUESTION OF FACT — CONCLU-
SIVENESS.
   A finding upon a question of fact which there is evidence to
   support is not reviewable.

2. WILLS—LEGACIES—SPECIFIC OR GENERAL—CONSTRUCTION.
   The legacies created by a bequest to certain legatees of $2,000
   each "if at the time of my death I am possessed of that much
   personal property," are general legacies.

3. SAME—SPECIFIC LEGACIES—RESIDUARY CLAUSE—EFFECT.
   The specific character of a devise of houses and land and a gift
   of household goods is not affected by a general residuary
   clause in the same paragraph in favor of the same heir.

4. STATUTES—CONSTRUCTION—CORRELATED STATUTES.
   In construing a statute, the legislative intent may often be as-
   certained from the provisions of the sections in the immediate
   connection in which it occurs.

5. WILLS—EXPENSES OF ADMINISTRATION — DIMINUTION OF LEGA-
CIES.
   A will provided first, for the payment of testator's debts and
   funeral expenses; second, $2,000 each to certain named per-
   sons, if at the time of testator's death she should be possessed
   of that much personal property; third, certain houses and
   land, and her household furniture to her brother, whom she
   also made residuary legatee. *Held*, that under section 9292,
   3 Comp. Laws, and correlated sections, the expenses of ad-
   ministration were chargeable only upon the personal prop-
   erty, and that the devisee and legatee of the houses and land
   and household furniture could not be charged with any part of
   such expenses until the remaining personal property was ex-
   hausted.

Error to Wayne; Donovan, J. Submitted January 8,
1908. (Docket No. 10.) Decided October 5, 1908.

Thomas W. Corby presented his final account as execu-
tor of the last will and testament of Winifred Corby, de-
ceased. The account was disallowed in part, and the ex-

ecutor appealed to the circuit court. There was judgment affirming the order of the probate court, and the executor and certain legatees bring error. Reversed.

*Orla B. Taylor* and *P. J. M. Hally,* for appellant Corby.

*Lodge, Trevor & Brown* and *Thomas J. Mahon,* for other appellants.

McALVAY, J. Winifred Corby died testate, March 23, 1903. Appellant, her brother, a beneficiary under the will, was named and appointed as executor. He was also appointed special administrator by the probate court.

The portion of the will material to this controversy, after making provision for the payment of all debts and funeral expenses, reads as follows:

"I give to my beloved nephews, Martin Corby, Sidney Corby and Reuben Corby, and to my niece Edna Corby, now married, the sum of two thousand dollars ($2,000) each, if at the time of my death I am possessed of that much personal property.

"I give to my beloved brother, Thomas Corby, of Grosse Pointe, Michigan, my double brick houses in the city of Detroit, located at No. 83 and No. 85 Winder street, my household furniture and all the rest of my property of every kind and nature whatever."

As such executor and administrator Thomas W. Corby filed his final account, showing as follows:

| | |
|---|---|
| Receipts | $8,351 28 |
| Disbursements and expenses | 2,494 11 |
| Balance | $5,857 17 |

This final account contained an item of $500 for services as executor and special administrator. The probate judge allowed the final account, except one item: "Amount paid on real estate 1903, $191.36," and found balance in executor's hands to be $6,048.53, and of the administration and disbursements charged three-fifths,

$1,381.65, to Thomas W. Corby and two-fifths, $921.10 to the four legatees. Thomas W. Corby appealed to the circuit court, where the case was tried before the court without a jury, and a finding was made affirming the order and judgment of the probate court. Upon this finding a judgment was entered. Both parties to the controversy have taken writs of error to this court.

Two questions are presented for consideration:

(1) The four legatees, under the paragraph of the will first above quoted, allege that the court erred in allowing the executor and special administrator $500 for services rendered.

(2) Thomas W. Corby alleges that the court erred in charging three-fifths of the debts and expenses of administration upon the real estate.

1. The contention of the four legatees is founded upon the claim that the executor agreed to serve without compensation, in consideration that they would consent to his appointment. There was a dispute in the testimony as to whether any such agreement was made. The court below passed upon the question and allowed the charge. The question was one of fact, and there was evidence to support the finding of the court. *Morton* v. *Johnston*, 124 Mich. 561. Such action is not reviewable. *Mower's Appeal*, 48 Mich. 441. See, also, *Wisner* v. *Mabley's Estate*, 70 Mich. 271.

2. The legacies to the nieces and nephews were general legacies. The devise of the land to the brother was specific, and the gift of household furniture was a specific legacy. The general residuary clause, "of all the rest of my property of every kind and nature whatever," added to this paragraph, does not affect the character of the devise and legacy to him. Relative to the liability of testate estates for debts and expenses of administration, our statutes provide:

"All the estate of the testator, real and personal, shall be liable to be disposed of for the payment of his debts,

and the expenses of administering his estate.     *     *     * "
Section 9289, 3 Comp. Laws.

Another section makes provision against which part of
the estates of all deceased persons such claims shall be
first chargeable.

"The personal estate of the deceased, including all
growing crops of grain, grass, and fruit not disposed of
by special mention in the will of the deceased and by said
will plainly directed to pass with the real estate, which
shall come into the hands of the executor or administra-
tor, shall be first chargeable with the payment of the debts
and expenses; and if the goods, chattels, rights and cred-
its in the hands of the executor or administrator shall not
be sufficient to pay the debts of the deceased and the ex-
penses of administration, the whole of his real estate, ex-
cept the widow's dower, or so much thereof as may be
necessary, may be sold for that purpose by the executor
or administrator, after obtaining license therefor, in the
manner provided by law." Section 9353, 3 Comp. Laws.

Further provision is made, in certain cases, for such
payment out of the estate, real or personal, given by will.

"The estate, real or personal, given by will to any dev-
isees or legatees, shall be held liable to the payment of
the debts, expenses of administration, and family ex-
penses, in proportion to the amount of the several devises
and legacies except that specific devises and legacies, and
the persons to whom they shall be made, may be exempted,
if it shall appear to the court necessary, in order to carry
into effect the intention of the testator, if there shall be
other sufficient estate." Section 9292, 3 Comp. Laws.

As we understand the opinion of the trial judge, he con-
strued the section last above quoted as authorizing the
judgment of the probate court, which he accordingly
affirmed. Counsel for the four legatees insist that such
construction was the proper one, and rely solely upon that
section for an affirmance of the judgment of the circuit
court. By the statute first quoted (section 9289) the law
is declared to be that the entire estate of a deceased per-
son, testate or intestate, may be subjected to the payment
of his debts and expenses of administration. Section 9353

as clearly provides that the personal estate of the deceased shall be first chargeable with the payment of such debts and expenses, and this is a general provision of statutory law. This had been the law in this State at least since 1846. It was amended in 1875 by inserting the words "including all growing crops of grain, grass and fruit not disposed of by special mention in the will of the deceased, and by said will plainly directed to pass with the real estate," which extended the property included and was not a restrictive amendment. Act No. 136, Pub. Acts 1875. It is urged that section 9292 limits the application of section 9353 to personal property not disposed of by will, which shall be first chargeable with the payment of debts and expenses of administration, basing such construction upon the amendment of 1875 above quoted.

In construing a statute, the legislative intent may often be ascertained from the provisions of the sections in the immediate connection in which it occurs. Section 9292 is closely related to section 9289, already quoted, and deals with the same subject-matter. The sections intervening provide:

"SEC. 9290. If the testator shall make provision by his will, or designate the estate to be appropriated for the payment of his debts, the expenses of administration or family expenses, they shall be paid according to the provisions of the will, and out of the estate thus appropriated, or so far as the same may be sufficient.

"SEC. 9291. If the provision made by the will, or the estate appropriated, shall not be sufficient to pay the debts, expenses of administration, and family expenses, such part of the estate, real or personal, as shall not have been disposed of by the will, if any, shall be appropriated according to the provisions of the law for that purpose."

The sequence of these sections clearly indicates the legislative intent contained in all of them. First and fundamentally, the entire estates of all testators (except statutory exemptions) are charged with their debts and expenses of administration; that these charges, if provided for by will, shall be paid accordingly, so far as the estate appro-

priated may be sufficient; that if the provision made by will shall not be sufficient, "such part of the estate, real or personal, as shall not have been disposed of by the will, if any, shall be appropriated according to the provisions of the law for that purpose." Then follow the provisions of section 9292: "The estate, real or personal, given by will to any devisees or legatees, shall be held liable to the payment of the debts, * * * in proportion to the amount of the several devises or legacies," etc.

The first inquiry which arises is, When, under this statute, are devises and legacies subjected to these charges? The answer is, only when no estate of the testator, real or personal, remains undisposed of by his will; and then the burden falls upon the general legacies and devises. In order to carry out the intent of the testator, if there shall be other sufficient estate, specific devises and legacies are exempt. This is our construction of this statute, and it is the only construction which will give it effect and harmonize it with the provisions of section 9353, which makes the personal estate of a decedent first chargeable with debts, etc. We think the sections quoted by their express terms recognize the provisions of this section, in that, before provision is made for charging devises and legacies with this burden, the estate not disposed of by will, real or personal, shall ' be appropriated for that purpose according to the provisions of law, which provisions are contained in section 9353. The case of *North* v. *Tuscola Probate Judge,* 84 Mich. 69, relied upon by appellees, is distinguishable from the case at bar; in that case the entire estate being specifically devised and bequeathed. The application of this construction of section 9292 to the case at bar defeats the contention of the counsel for the four general legatees. The intent of the testatrix is clear that the specific devise and legacy to her brother was to be kept intact, if possible. She recognized, as appears by the terms of her will, that her personal estate, after paying her debts and legal charges, might not be sufficient to pay the general lega-

tees in full, having recognized first that her estate was chargeable with her debts and other expenses.

Our conclusion is that the court was in error in charging any portion of these debts and expenses of administration against the specific devise and legacy of Thomas W. Corby in order to carry into effect the intent of the testatrix.

The judgment of the circuit court is reversed, and the cause is remanded to the circuit court for further proceedings in accordance with this opinion.

BLAIR and MOORE, JJ., concurred with McALVAY, J.

HOOKER, J.   Thomas Corby appeals from an order of the probate court imposing upon him, as devisee of specified property, the obligation of paying a proportionate part of the expenses of the administration of the testatrix's estate, to the relief of general legatees, who would otherwise be called to pay them.   The provisions of the will are as follows:

"I direct that my just debts and funeral expenses shall be first paid.

"I give to my sister, Teresa Corbett of Detroit, as an evidence of my remembrance of her and forgiveness of her unkindness, my clothing, sealskin sack and my jewelry, worth about three hundred dollars.

"I give to my beloved nephews, Martin Corby, Sidney Corby and Reuben Corby, and to my niece, Edna Corby, now married, the sum of two thousand dollars ($2,000) each, if at the time of my death I am possessed of that much personal property.

"I give to my beloved brother, Thomas Corby, of Grosse Pointe, Michigan, my double brick houses in the City of Detroit, located at No. 83 and No. 85 Winder Street, my household furniture, and all the rest of my property of every kind and nature whatever."

The legatees have appealed from the allowance to Thomas Corby, the executor, of the sum of $500 for services, etc.   It is a rule of the common law, prevailing throughout this country, that specific legacies ordinarily take precedence over general legacies, and that the latter

abate, where there are not sufficient assets to pay both. See 2 Williams on Executors (7th Am. Ed.), p. 661 et seq.; 1 Am. & Eng. Enc. Law (2d Ed.), p. 45 et seq. This is upon the ground that it is to be presumed that the testator so intended, or, as is stated in effect in the latter authority, from the fact that a specific legacy is in its essence the gift of a particular article. Specific legatees, at the time of payment or delivery, are entitled to receive their legacies exonerated from all charges not incident to the subject-matter of the bequest.

This rule is subject to the qualification that a contrary intent may be shown by the will, in which case such intent will be given effect, but, in the absence thereof, the special legacy will be protected at the expense of general legacies, not only against debts, but expenses. Our statute (3 Comp. Laws, § 9292) was, in my judgment, intended to change the rule stated, and under it the presumption must be the contrary of that which previously existed under the common-law rule. Succinctly stated, the difference is this: Formerly the mere making of a specific bequest carried the presumption of an intent that general legacies were subject to abatement in its favor. Under the statute the opposite presumption must prevail, and we see no inconsistency between such an interpretation of section 9292 and the provisions of the other sections, which require the payment of debts and expenses from personal property, ordinarily.

The statute (section 9292) is as follows:

"The estate, real or personal, given by will to any devisees or legatees, shall be held liable to the payment of the debts, expenses of administration, and family expenses, in proportion to the amount of the several devises or legacies, except that specific devises and legacies, and the persons to whom they shall be made, may be exempted, if it shall appear to the court necessary, in order to carry into effect the intention of the testator, if there shall be other sufficient estate."

Under this, no legatee can escape contribution to necessary expenses, where there are insufficient assets to other-

wise meet them, unless such specific legatee may be relieved by reason of a necessity to exempt him to carry into effect the intention of the testator. In this case such an exemption is necessary, in my opinion. Not only is there a devise of specific property in its nature indivisible, but the general bequests show an intention that they should not be paid at the expense of the specific legacy. It is only in case of there being personal property in the estate that those bequests can be paid. This indicates that it was the intention of the testatrix to give the messuage to her brother intact; and, if there should be personal property left at the settlement of the estate, it should be applied upon them. At first blush it may appear that there is an injustice in requiring these legatees to pay all of the expenses of settling an estate of which the brother is the principal beneficiary, but we do not know the circumstances which led the testatrix to think differently. At all events, it is her judgment of that subject, and not ours, that should govern; and, when we find that she so intended, we have only to give effect to her intention. I concur in the opinion that the allowance to the executor should not be disturbed.

We are constrained to reverse the order made by the probate court, and direct the entrance of an order relieving Thomas Corby from the payment of any portion of the account allowed, and imposing the burden upon the general legacies. It is only in case of inadequacy of the other assets that any portion can be imposed upon the devisee, and we understand that there is no such claim.

OSTRANDER, J., concurred with HOOKER, J.