*In re* KEMP'S ESTATE.

KEMP *v.* DANDISON.

1. WILLS—EVIDENCE—AMBIGUITY.
    A clause in a will, giving to testator's daughter the residue of his property, "consisting in part of notes" against testator's son, amounting to $1,700, was not so ambiguous as to require the aid of parol testimony.

2. SAME—SPECIFIC BEQUEST—RESIDUARY CLAUSE.
    The enumeration of specific articles in a residuary clause will not make the bequest specific as to those articles.

3. SAME.
    If they are so enumerated as to distinguish them from the residue by the use of such phrases as "together with," "as well as," the bequest becomes specific.

4. SAME.
    But since testator indicated that the notes were considered by him as a part of the residue, by employing the phrase "consisting in part of," the notes cannot be treated as a specific bequest, in determining whether to abate the daughter's legacy in order to pay the widow the sum of $1,500, bequeathed by a preceding clause in the will.

Error to Oakland; Smith, J. Submitted January 24, 1912. (Docket No. 79.) Decided March 29, 1912.

Lucy Kemp, executrix of the estate of Obadiah Kemp, presented to the probate court for Oakland county for allowance her final account which was, in part, disallowed. Said executrix appealed to the circuit court. The order being affirmed, the executrix brings error. Reversed.

*K. P. Rockwell* and *H. M. Zimmerman*, for appellant.

*Arthur R. Tripp* and *Aaron Perry*, for appellee.

Bird, J. This case involves the construction of the third and fourth clauses of the last will and testament of Obadiah Kemp, deceased. The will is as follows:

"*First.*—I direct that all my just debts and expenses be paid.

"*Second.*—I give, devise and bequeath to my wife, Lucy Kemp, the homestead where we now live, viz.: The southwest quarter of the southeast quarter of section twenty-two, in town three north of range ten east, Oakland county, Michigan, forever, together with the household goods and furniture and household articles and belongings contained in our dwelling house situate thereon, and together with my horse and buggy and farming tools and implements and other articles of personal property contained in and the barns and out-buildings on said premises.

"*Third.*—I also give and devise to my wife aforesaid the sum of fifteen hundred dollars, to be paid to her within * * * after my decease from the proceeds of any notes or mortgages belonging to my estate or from any other property of my estate; also I devise to her lot 5, block 5, Rundel's addition, city of Pontiac, said county.

"*Third.*—Having already given to my son, William H. Kemp, by the terms of a contract, the southwest quarter of the northeast quarter of section twenty-seven, in town three north of range ten east, county of Oakland, State of Michigan, the same to be his at my death on certain conditions specified in the contract, I do now devise the same to him absolutely forever.

"*Fourth.*—All the rest, residue and remainder of my property real and personal, consisting in part of notes

against my said son, William H. Kemp, amounting to seventeen hundred dollars principal, I give, devise and bequeath to my daugher, Fanny Dandison.

"*Fifth*.—Should any person or persons attempt to contest the validity of this will, then all devises and bequests herein in favor of such person or persons shall be utterly void and of no effect, and such person or persons and their children shall have no share in my estate whatever, and such share or shares shall go to the other next nearest heirs at law.

"*Sixth*.—I hereby nominate my said wife, Lucy Kemp, to be the executrix of this will."

The estate was administered by the widow, and, upon the hearing of her final account in probate court, it developed that there were insufficient assets in the estate to pay the general legacy of $1,500 to herself, without using the proceeds of the notes mentioned in the residuary clause. It therefore became a question as to which legacy should abate.

Counsel for the widow contend that the notes are a part of the residuary fund, and that the general rule should apply and the general legacy be preferred to the residuary legacy. Counsel for the daughter admit the general rule, but insist that this is an exception to the general rule; that in this residuary clause the testator has created a specific legacy of the notes of William H. and given them to the daughter, and that this specific legacy should not abate in the interest of the general legacy.

On the trial in the circuit court, parol testimony was received to aid the court in determining what is claimed to be an ambiguity in the will. While the construction of clause 4 is not free from doubt, we do not think it is involved in such doubt as would warrant us in resorting to extrinsic evidence to aid in its construction.

It is an unusual practice in the preparation of wills to create a specific bequest in the residuary clause; but the cardinal thing to be kept in mind is the intention of the testator, and, if it is clear that the testator so intended it, the provision should be given effect.

This court recently gave effect to such a provision. *In re Corby's Estate*, 154 Mich. 353 (117 N. W. 906). The general rule, however, is that an enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles. *Le Rougetel v. Mann*, 63 N. H. 472 (3 Atl. 746); *Estate of Painter*, 150 Cal. 498 (89 Pac. 98, 11 Am. & Eng. Ann. Cas. 760); *Stehn v. Hayssen*, 124 Wis. 583 (102 N. W. 1074). But the gift is specific, if the specified things are so enumerated as to distinguish them from the residue, as by the use of such words as "together with," "as well as," and "also." 18 Am. & Eng. Enc. Law (2d Ed.), p. 716.

The testator has made specific mention of the notes, and this is relied upon by counsel to establish a specific bequest. The strength of this argument is overcome, when the testator refers to the notes as being a part of the residue of the estate. The language "consisting in part of" rebuts the idea that he intended to segregate the notes from the residuum of the estate and make a specific bequest of them. It is an express declaration of his intention that they shall be a part of the residue of the estate. It will be observed that the testator does not follow his reference to the notes by a direct gift of them to her, but refers to them as a part of the residue of the estate which he has given to her. We cannot hold that clause four makes the daughter a specific as well as a residuary legatee. Our conclusion is that the notes are a part of the residue of the estate.

The judgment of the trial court is reversed, and a new trial ordered.

BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred.