*In re* O'LEARY'S ESTATE.

PALMER *v.* UTICA STATE HOSPITAL.

EXECUTORS AND ADMINISTRATORS—ACCOUNT—COMPENSATION — ESTATES OF DECEDENTS—CONCLUSIVENESS OF ALLOWANCE OF ANNUAL ACCOUNT.

Where the administrator, an attorney, expended a large part of the estate for attorney's fees that he paid to the firm of which he was a member, and in an annual accounting the court passed on and allowed the disbursements and certain fees, the allowance of such annual account was not so conclusive upon the parties in interest that it could not be noticed and taken into consideration in determining the administrator's claim for extraordinary compensation included in his final report, though no appeal was taken from the prior order and although the same would not be disturbed by the court, in the absence of fraud.

Error to Wayne; Hally, J. Submitted April 17, 1916. (Docket No. 53.) Decided September 27, 1916. Rehearing denied December 22, 1916.

George P. Palmer appealed from an order of the probate court on his second annual account as administrator with the will annexed of the estate of Michael O'Leary, deceased. The account was opposed by the Utica State Hospital, a creditor. There was judgment disallowing the· account in part,· and the administrator brings error. Affirmed.

*William E. Henze,*· for appellant.

*Sloman & Sloman* (*Adolph Sloman,* of counsel), for appellee.

Moore, J. In this case the administrator filed a second administrator's account containing among others the following items:

"Palmer & Palmer, for services before commissioners on claims as revived, being an amount equal to the sum awarded to each of the commissioners .................................. $250.00

October 12, 1912. To Geo. P. Palmer, for services as special agent of the probate court in presenting will of deceased before notary public at Hudson, Mich., said services being performed on March 4 and 5, 1909, and prior to the appointment of an administrator w. w. a....... 100.00

Palmer & Palmer, attorneys, for legal services as per their bill hereto attached................ 360.00"

The case was heard before the judge without a jury. He made findings of fact and law, some of which we quote:

"Deceased died in Detroit, in the county of Wayne. Prior thereto he had been a resident at or near Hudson, Mich., for several years. Administration of his estate was first granted to I. P. Norton. He reported $1,000 in cash in the estate and spent all of it except $49.54, and part of it was used in an attempt to locate the widow of deceased, who was reported confined 'in an insane asylum in some city in the East.' Afterward a will was found. Said will had been executed at Hudson, Mich., and it became necessary to take testimony of the witnesses at that place to prove the will.

"That George P. Palmer was appointed messenger by the probate court for the county of Wayne for the purpose of taking the will to Hudson, Mich., and obtaining the depositions of the subscribing witnesses to its execution.

"On the will being admitted to probate in the county of Wayne George P. Palmer was made administrator with the will annexed.

"The estate of the deceased, besides the cash which came to the first administrator, consisted of a house and lot at Bryan, Ohio, a farm at Hudson, Mich., and

a loan to Barber and others of $4,280.95, evidenced by a promissory note and secured by stock of the Telephone Company of Mobile, Ala.

"On October 3, 1910, George P. Palmer filed his first account. The receipts, amounting to $2,602.05, were made of items consisting of rents, proceeds from sale of machinery, balance from first administrator, and proceeds from sale of farm at Hudson. The expenditures amounted to $1,112.12 of which $600 was for attorney fees to Palmer & Palmer. George P. Palmer is a member of this legal firm. His account showed a balance of $1,489.93, and was allowed a balance of $1,590.83; the attorney fee evidently. being reduced to $500.    *    *    *

"It appears from the testimony that considerable of the time and services charged by said administrator were expended in opposing the widow's petition for an allowance beyond the first year.

"That said administrator performed no extraordinary services for said estate since the filing of said first report, for which he is entitled to compensation beyond that allowed by section 9438, Compiled Laws (3 Comp. Laws 1915, § 14117).    *    *    *    '

"That said administrator is entitled to a commission of $100.17 under the statute for services since the filing of his last report.

"That there is due said estate from said administrator at the date hereof the sum of $941.77, with interest from November 27, 1912, at the rate of 5 per cent. per annum.

"Findings of Law.

"*    *    * There is no absolute rule as to the compensation to be allowed an administrator for attorney fees. It is a question for the court under the circumstances of each case.

"An administrator occupies a trust relation not only as to the heirs, but also toward the widow and creditors, and must exercise fairness and good faith in the discharge of his duties, and must conserve the interests of all concerned therein.

"It is not the policy of the law to permit an administrator to conduct the affairs of an estate in a manner that would lead to its being eaten up in charges for himself and the legal services of the firm of which he is a member.

"An administrator for his services to an estate is entitled only to the compensation allowed by statute, unless his services are extraordinary, when he shall be entitled to such additional compensation as the probate court shall deem proper.   *   *   *

"While the statute fixes a time for taking an appeal and review of an administrator's account, and while said account will not ordinarily be disturbed after the lapse of this time, there is nothing in the law which forbids a court in passing upon a subsequent account from taking notice of items contained in the previous account and considering the sum expended for any purpose."

Judgment was rendered in harmony with the findings of the judge. The case is brought here by writ of error.

We quote from the brief:

"The court took into consideration the first account filed by the administrator and allowed by the probate court, from which allowance no appeal had been taken. That is not permissible under the decision of this court in the absence of fraud; *i. e.*, to say fraud in the allowance of the first account and no such fraud has been shown. See *Morton* v. *Johnston*, 124 Mich. 561 (83 N. W. 369); *Nowland* v. *Rice's Estate*, 138 Mich. 148 (101 N. W. 214); *In re Ward's Estate*, 152 Mich. 240 (116 N. W. 23); *In re Corby's Estate*, 154 Mich. 355 (117 N. W. 906)."

And it is argued that, as the administrator testified to the rendition of the services and their value, there was nothing for the court to do except to allow the account. A reference to the cases cited will show they are not controlling as claimed.

The record shows a strange attitude on the part of the administrator. Instead of collecting and conserving the estate for the benefit of the widow, if there should be one, and such heirs at law as might appear, the firm of which he is a member have been acting from the beginning for some of the heirs at law, and the administrator has seemed to think it was part

of his duty to defend against the claim of the widow or her representatives for such allowances as the statute gave her.

The record shows that this little estate, to say the least, has been very unfortunately managed. Without going into details, an examination of it shows the court was quite right in saying the administrator had performed no extraordinary services for said estate since the filing of his first account which entitled him to more than the statutory fees.

The judgment is affirmed, with costs to appellee.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.