**WILKINSON, Exrx. v EDWARDS, et**

Probate Court, Tuscarawas Co

Decided August 4, 1939

Bowers, Stafford & Bowers, New Philadelphia, for executrix.

Wilkin, Fisher & Limbach, New Philadelphia, for Myrtle Edwards.

J. E. Patrick, New Philadelphia, for John Edwards.

## OPINION

By LAMNECK, J.

This is an action to construe the will of John W. Edwards, deceased, who died on February 7, 1939. Mr. Edwards' estate was appraised as follows:

| | |
|---|---:|
| Personal goods and chattels | $3,405.00 |
| Money | 690.00 |
| Stocks and securities | 2,050.00 |
| Accounts receivable | 134.72 |
| Realty | 2,295.00 |

The widow was given a year's allowance of $900.00 and an allowance in property not deemed assets of $1,714.94.

The pertinent parts of Mr. Edwards' will involved in this case read as follows:

Item 2. "I give, devise and bequeath to my beloved wife, Myrtle Edwards, all the real estate of which I shall die seized, wheresoever situated, absolutely and in fee simple, together with the household goods and effects in our home. I further give and devise to my said wife, one-third of the money in my savings accounts in the several banks.

Item 3. "I give, devise and bequeath to my step-daughter, Marjorie Edwards, daughter of my wife Myrtle, ten (10) shares of stock in the Creasey Company, now owned by me and at present worth $1,000.

Item 4. "All the rest, residue and remainder of my estate, including my grocery stores and grocery stocks, my life insurance, and the remaining two-thirds of my savings accounts in the several banks, of which I may die seized, I give, devise and bequeath in equal shares to my two sons, John W. Edwards, Jr. and William Edwards, their heirs and assigns forever."

There are insufficient assets in the estate to pay the debts, expenses of administration and widow's allowances, without resorting to the realty, the leg-

acy of stock, or, the grocery stores and grocery stocks.

Sec. 10504-75 and §10504-76, GC read as follows:

"When any estate, real or personal, devised, is taken from the devisee for the payment of the testator's debts, the other devisees and legatees must contribute their respective proportions of the loss to the person from whom it was taken, so as to make the loss fall equally on all the devisees, and legatees, according to the value of the property received by each of them." "If, in such case, by making a specific devise or bequest, the testator has virtually exempted a devisee or legatee from his liability to contribute, with the others, for the payment of debts, or if, by other provision in the will, he has prescribed or required an appropriation of his estate, for the payment of his debts, different from that prescribed herein, the estate must be appropriated and applied in conformity therewith."

Under this section, the question then arises whether the devise of realty to the widow in item 2 and the bequest of stock to Myrtle Edwards in item 3 are preferred to the bequest of the grocery stores and stocks and other property enumerated therein to the two sons in item 4. If they are preferred, then the residuary estate must bear the burden of the debts. If not, the widow and the step-daughter must contribute to make up the loss of the grocery stores and stocks and other property enumerated in item 4 to the two sons.

The general rule is that an enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles unless they are designated in such a way as to differentiate them from the residue. (28 R. C. L. 297, 41 O. Jur. 866, Page re Wills, §870).

Thus in the case of Kemp v Davidson, 169 Mich., 578, 135 N. W. 270, it was held that the following clause was purely residuary: "All the rest and remainder of my property, real and personal, consisting in part of notes against my son, William H. Kemp, amounting to $1,700 principal, I give, devise and bequeath to my daughter Fanny Davidson."

However, in the case of In re Corby, 154 Mich. 353, 117 N. W. 976, it was held that the devise of realty in the following clause was specific and was not part of the residue: "I give to my beloved brother, Thomas Corby of Grosse Pointe, Michigan, my double brick houses in the city of Detroit located at 83 and 85 Winder Street, my household furniture, and all the rest of my property of any kind and nature whatever."

It is unusual to create a specific bequest in a residuary clause, but if it is clear that the testator so intended, the provision will be given effect. In order to be specific, however, the specified articles must be so enumerated as to distinguish them from the residue, as by the use of such words as "together with," "as well as," and "also." (18 Am. & Eng. Ency. 716).

In this case, the testator used the word "including". This language rebuts the idea that the testator intended to segregate the grocery stores and grocery stocks and other property enumerated in item 4 from the residue of the estate and make a specific bequest thereof. It is an express declaration of his intention that they shall be a part of the residue. If he had used the word "and," "together with," "as well as," or "also," then the bequest of the grocery stores and grocery stocks and other property enumerated in item 4 would have been specific.

In the case of Bristol v Stump, 136 Md. 236, 110 Atl. 470, it was held that a clause which devised the residue of a testator's estate, "including my farm," was purely a residuary clause and did not make the bequest of the farm specific.

It will therefore be ordered that all of the property falling under item 4, the residuary clause, be first exhausted in the payment of costs, debts and expenses before resorting to the specific devise and bequests enumerated in items 2 and 3.