WILL OF SMITH: SMITH, Appellant, vs. FIRST NATIONAL
BANK & TRUST COMPANY OF RACINE, Defendant:
VOIGHT and another, Respondents.

*May 6—June 4, 1940.*

For the appellant there was a brief by *Benson, Butchart & Benson* of Racine, and oral argument by *Donald A. Butchart*.

For the respondent Helen Voight there was a brief by *Thompson & Monk* of Racine, and oral argument by *John F. Thompson*.

For the respondent Roy Kelly there was a brief by *Thompson, Myers & Helm* of Racine, and oral argument by *Frederick P. Helm*.

MARTIN, J. It is contended on behalf of the respondent Helen Voight, (1) that the bequest of the sum of $5,000 par value of American Timber Holding Company bonds mentioned in the sixth paragraph of the will is a general bequest of the par value mentioned or an equivalent in cash; (2) that since no American Timber Holding Company bonds are now outstanding, their equivalent in cash must be paid to Miss Voight; and (3) that the testator blended his real and personal estate in the residuary clause of his will and therefore his farm in the town of Somers, Kenosha county, is subject to the payment of the general bequests. It is likewise contended on behalf of the respondent Roy Kelly, a beneficiary under the will, that the testator's Kenosha county farm is a part of the residuary estate and subject to the charge of the money legacies.

On behalf of appellant Fred W. Smith it is contended, (1) that under the seventh paragraph of the will, his father made a specific devise to him of the Kenosha county farm in the town of Somers; (2) that in the event the Kenosha county farm be considered a part of the residuary disposition, it is not subject to the charge of the money legacies, because the devise of the farm is not a true residuary disposition for the purpose of charging money legacies upon it, that it is a specific devise in effect, if not in form. Appellant

further contends, (3) that the bequest to Helen Voight of $5,000 par value of American Timber Holding Company bonds cannot be construed as a direction on the part of the testator to give her $5,000 in cash in the event that such bonds of the par value of $5,000 cannot be delivered.

We cannot adopt the construction given by the county court to the sixth paragraph of testator's will. There is not even a single circumstance which in any way indicates that the testator intended that Miss Voight be paid the sum of $5,000 in cash in the event that American Timber Holding Company bonds of the par value of $5,000 could not be delivered. In the absence of any direction to the contrary, we must assume that the testator intended to give something that he had or at least thought he had.

It appears that between January 15, 1917, and January 17, 1920, Mr. Smith purchased bonds of the American Timber Holding Company to the amount of $16,000, but these bonds and all other bonds issued by said company were called in and redeemed prior to January 1, 1923. Mr. Smith did own as of the date of his will and at the time of his death two hundred fifty shares of common stock of the American Timber Holding Company of the par value of $100 per share. He was a large stockholder of the American Timber Holding Company. He must have known that all bonds of this company had been called and redeemed. If he had intended a cash bequest, in any event, to Miss Voight, no doubt he would have so provided. There is no showing that the value of this bequest can be measured in money. If such bonds were on the market at the time of Mr. Smith's death, they might have been worth fifty cents on the dollar of their par value or they might have been worth an amount in excess of par. Of course Miss Voight is willing to accept $5,000 in cash, but there is nothing to indicate the testator's intention that she was to have cash in lieu of bonds. Since testator had stock of the American Timber Holding Company in an amount in

excess of $5,000, it is more likely that he intended to give Miss Voight stock.

"In construing wills, all rules of construction yield to the cardinal rule that the language of a will should be so construed as to give effect to the intention of the testator if that intention may be ascertained from the language of the will itself, considered in the light of the surrounding circumstances." *Will of Stevens,* 232 Wis. 111, 114, 286 N. W. 574; *Will of Asby,* 232 Wis. 481, 287 N. W. 734.

The only Wisconsin case relied upon by respondent Voight to sustain the construction that the executor must pay her $5,000 in cash in lieu of the $5,000 in bonds is *Will of Blomdahl,* 216 Wis. 590, 257 N. W. 152, 258 N. W. 168. That case is clearly distinguishable from the instant case. There the testatrix had the stock, which she bequeathed, at the time of making her will and such stock could be acquired by the executrix after the testatrix's death. In the instant case, the testator had no bonds of the American Timber Holding Company either at the time he made his will or at the time of his death, and he must have known for at least eight years prior to the date of his will that there were no such bonds in existence. Respondent Helen Voight cites *Fall River National Bank v. Estes,* 279 Mass. 380, 181 N. E. 242, and *Bailes v. Halsey,* 179 Ga. 182, 175 S. E. 472. Both cases present a different factual situation and are not in point.

Of course testator intended giving something to Miss Voight, and as said above, he intended to give her something he owned at the time he made his will. It is unreasonable to say that he intended to direct the purchase of bonds of the American Timber Holding Company which he must have known were out of existence, or that he intended in lieu of the bonds that Miss Voight should get $5,000 in cash. Under all the facts and circumstances, we think it reasonably certain that the testator intended to make a bequest to Miss Voight of the sum of $5,000 par value of American Timber Holding

Company stock. In *Will of Boeck,* 160 Wis. 577, 152 N. W. 155, testator in disposing of two forty-acre tracts of land, devised one forty-acre tract to one son and then by misdescription of the second forty-acre tract, devised a forty which he did not own to a second son. The court construed the clause as intending to devise to the second son the forty-acre tract which testator owned, rather than the tract described in the will which he did not own. For cases to the same effect see Annotations 1915E, L. R. A. p. 1008, and 94 A. L. R. p. 313.

In *Estate of Heins,* 132 Cal. App. 131, 133, 22 Pac. (2d) 549, the testator bequeathed to the trustee named in his will "all of my common stock of the Pacific Gas & Electric Company." The proof showed that neither at the time of making his will nor at any other time had decedent owned any of the common stock of the Pacific Gas & Electric Company, but that he did own certain shares of the preferred stock of such company. The court held that there existed an uncertainty or ambiguity not apparent upon the face of the will. The court said:

"Such an ambiguity . . . may arise when the will contains a misdescription of the object or subject; as where there is no such person or *thing in existence,* or, if in existence, the person is not the one intended, *or the thing does not belong to the testator. . . .* Where it consists of a misdescription . . . if the misdescription can be struck out and enough remain in the will to identify the person or thing, the court will deal with it in that way; or, if it is an obvious mistake, will read it as if corrected."

The court affirmed the decree of the lower court distributing the preferred stock which the testator owned.

It has been held in most jurisdictions that in construing wills the court may correct misdescriptions as to real estate as in *Will of Boeck, supra.* A like rule applies to bequests of personalty. *Hertford v. Harned,* 185 Ind. 213, 221, 113 N. E. 727; *Scoville v. Mason,* 76 Conn. 459, 57 Atl. 114;

*Walsh v. Walsh,* 13 Ohio App. 315. To the same effect see 94 A. L. R. Annotations, under heading "Stocks, bonds, and other securities," at page 163.

That part of the sixth paragraph of the testator's will which reads "together with the sum of five thousand ($5,000) dollars par value in American Timber Holding Company bonds" should be construed to read "together with the sum of five thousand ($5,000) dollars par value in American Timber Holding Company stock." And, since the record discloses that testator owned only one class of such stock with a par value, namely, two hundred fifty shares of common stock of said company, the bequest is held to be referable to such stock.

The court below construed the seventh paragraph of the testator's will so as to charge testator's farm property in the town of Somers in Kenosha county with the payment of the general legacy to Helen Voight, as well as the other general bequests mentioned in the will. It is apparent that such construction was given because the devise of the farm is included in the residuary paragraph of the will. It is important to note the phraseology and punctuation. "I give . . . to my son, Fred W. Smith, the entire residue and remainder of my estate, . . . ; *also* my farm in the town of Somers, . . . ; *also* all bonds, . . ."

It must be conceded that a specific bequest or devise may be made in the residuary clause of a will, and it is just as important to follow the testator's intention as to the provisions of the residuary paragraph as it is in the other paragraphs of his will. The fact that the seventh paragraph contains a residuary clause does not exclude or detract from a specific bequest or devise included in such paragraph, provided there is appropriate language for a specific bequest or devise and such clearly appears to be the intention of the testator.

"If specific property, and the residue of testator's estate, are given in the same clause, full effect will be given to each

provision; and one will be treated as specific and the other as general." 1 Page, Wills (2d ed.), p. 1467, § 870. See cases cited under footnote (7). To same effect see *Johnson v. Poulson,* 32 N. J. Eq. 390; *Purdy v. Purdy,* 36 App. Div. 535, 57 N. Y. Supp. 166; *In re Corby's Estate,* 154 Mich. 353, 117 N. W. 906; *Kemp v. Dandison,* 169 Mich. 578, 135 N. W. 270.

In different paragraphs of his will, testator grouped several separate, specific provisions in the same paragraph. This is particularly true as to the fourth paragraph in which five separate bequests are made. His will was prepared by an able, experienced lawyer who fully appreciated the phrasing and punctuations employed. In *Will of Stark,* 149 Wis. 631, 652, 134 N. W. 389, the court said:

"In a will where every clause bears the impress of the experienced lawyer's work; where apt phrases have been carefully used prescribing what shall take place in many and various contingencies; and where the same phrasing has been twice used and may well bear the same construction in both places, the fact that it must have a certain construction in one place is certainly very persuasive as a consideration for placing the same construction on it in another place."

The arrangement of testator's will is significant. The third paragraph provides for his charities; the fourth covers bequests to his friends; the fifth provides for his daughter-in-law and grandchildren; the sixth provides for his housekeeper, respondent Helen Voight; and the seventh and last paragraph provides for his only child, the appellant Fred W. Smith. In each paragraph the bequests are independent of each other. The same grouping and the same phraseology is employed in the seventh paragraph, and while this paragraph leaves the residuary estate to the son, it is clear that the testator, independently of any other provision, intended a specific devise of his farm in the town of Somers, Kenosha county, Wisconsin, to his son.

Note the phraseology "*also* my farm in the town of Somers, Kenosha county, Wisconsin." This provision is separate and distinct from the residuary clause in the same

paragraph. It is a specific devise and must be so construed. The words specifically identifying the property and indicative of possession make it such. *Will of Blomdahl, supra,* and *Will of Hinners,* 216 Wis. 294, 257 N. W. 148. It follows that this farm property is not subject to the payment of the general bequests.

*By the Court.*—Judgment reversed, and record remanded with directions to enter judgment in accordance with this opinion.