CASE 88.—FORCIBLE DETAINER PROCEEDING BY OWEN COUNTY. BY ITS FISCAL COURT, AGAINST F. C. GREENE TO RECOVER POSSESSION OF A ROOM IN ITS COURT HOUSE.—October 14.

## Owen County v. Greene

Appeal from Owen Circuit Court.

J. W. CAMMACK, Circuit Judge.

Judgment for defendant on demurrer. Plaintiff appeals.—Reversed.

Counties — Public Buildings — Forcible Detainer Action—Right to Maintain.—Ky. St. 1903, section 3948, requiring the jailer to institute actions in the name of the county for the possession of county property, does not deprive the fiscal court of the power. conferred by sections 127, 1834, 1840, to regulate and control county buildings and institute such actions with reference thereto as it may deem necessary; and the fiscal court may maintain forcible entry for the recovery of a room in the courthouse.

J. G. VALLANDINGHAM for appellant.

While it is conceded that the jailer has power to institute legal proceedings to recover possession of public property, in the name of the county, this power is not in him exclusively, but is only co-ordinate with that of the county acting through its fiscal

court. The county is a quasi public corporation, and under Ky. Stats., section 1834, its corporate powers are exercised by the fiscal court unless otherwise provided by law. (Ky. Statutes, 1834, 1840, 3948.)

J. H. SETTLE for appellee.

We have been unable to find any law regulating such proceedings other than section 3948, Ky. Statutes, which is plain, positive and unequivocal and which provides: "He (the jailer) shall have the power and it shall be his duty to institute and carry on the appropriate civil procedure in the name of the county to recover possession of, etc." The fiscal court as we understand it, may direct the jailer to sue out the warrant of forcible detainer, which was not done in the case at bar, and for this reason we think the circuit judge properly sustained the special demurrer, based on the idea that the county has not the legal capacity to maintain the action.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

This is an action of forcible detainer against appellee, in which the appellant seeks to recover a certain room in the courthouse used by him. The writ was issued by W. E. King, a justice of the peace of Owen county, and cited appellee to answer and defend the same on February 8, 1908. On that date the appellee appeared by attorney and filed a special demurrer to the writ, on the ground that Owen county, acting through its fiscal court, did not have legal capacity to prosecute the action. The demurrer was overruled by the court, and judgment entered in favor of Owen county. Thereupon by proper proceedings the matter was brought before the Owen circuit court. Appellee again filed a special demurrer, relying upon the same ground. This demurrer was sustained by the court, and judgment rendered against appellant for costs. Of this judgment Owen county complains.

The only question involved is the capacity of the appellant to prosecute this action. Appellee insists that it has no authority, and cites in support of his contention section 3948 of the Kentucky Statutes of 1903. That section is as follows: "The jailer of each county shall be superintendent of the public square, courthouse, clerk's office, jail, stray-pen and other public county buildings at the seat of justice. He shall have the power, and it shall be his duty, to institute and carry on the appropriate civil procedure, in the name of the county, to recover possession of, and for any injury, or intrusion, or trespass which may be committed on any of the county property named in this chapter. The net proceeds of any such recovery shall be paid to the county court in aid of the county levy." Appellee contends that, under this section, the jailer is the only party authorized to institute an action of forcible detainer against a party wrongfully occupying one of the rooms of the courthouse. In this connection it will be necessary to notice the provisions of the statutes with reference to the powers and duties of the fiscal courts:

"Sec. 1834. Unless otherwise provided by law, the corporate powers of the several counties of this State shall be exercised by the fiscal courts thereof respectively."

"Sec. 1840. The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated; to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat; to erect and keep in repair bridges and other structures and superintend the same; to regulate and control the fiscal affairs and property of the county, to make provisions for the maintenance of the

Owen County v. Greene.

poor, and provide a poor house and farm, and provide for the care, treatment and maintenance of the sick poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, and provide for the good condition of the highways in the county, and to execute all of its own orders consistent with the law and within its jursidiction, and shall have jurisdiction of all such other matters relating to the levying of taxes as is by any special act now conferred on the county court of levy and claims.''

''Sec. 127. He (county attorney) shall attend to the prosecution of all cases in his county in which the Commonwealth or the county is interested; and, when so directed by the county or fiscal court, institute or defend, and conduct actions, motions and proceedings of every description, before any of the courts of this Commonwealth in which the county is interested, and shall in no instance take a fee or act as counsel in any case in opposition to the interests of the county. He shall also attend the circuit courts held in his county, and aid the Commonwealth's attorney in all prosecutions. therein, and in the absence of an acting Commonwealth's attorney, he shall attend to all Commonwealth's business in said courts.''

It will be seen from the foregoing provisions that the corporate powers of the various counties of the State are to be exercised by the fiscal courts thereof, respectively; that these courts are given the power to erect and keep in repair the necessary public buildings, and the further power to regulate and control the fiscal affairs and property of the county. By section 127 the fiscal court is given the power to direct the county attorney to institute or defend and conduct actions, motions ,and proceedings of every description

before any of the courts of the Commonwealth in which the county is interested. Construing section 3948 along with the foregoing provisions relating to the powers of fiscal courts, we think it is manifest that section 3948 is not exclusive. While it gives the jailer the power and makes it his duty to institute actions to recover possession of public county buildings, it was not intended to deprive the fiscal court of the power to regulate and control these buildings and institute such actions with reference thereto as it might deem necessary.

For the reasons given, the judgment is reversed, and cause remanded, with directions to overrule appellee's special demurrer.