## Carter's Administrator, et al. v. Reynolds, et al.

(Decided January 7, 1915.)

### Appeal from Graves Circuit Court.

Wills—Construction—Intention of Testator—Situation of Testator and Circumstances of Making of Will.—This court has many times written that in the exposition of wills the rule above all rules is

that the intention of the testator shall prevail. In this case an old lady making her home in her declining years with a granddaughter, and possessing only her household goods and a house and lot, the income from which was insufficient for her reasonable maintenance, made a will devising to the grand-daughter $300, and directing that at her death the real estate be sold and the proceeds divided equally among her seven children or their descendants. Held, that the three hundred dollar legacy was a charge upon the real estate.

J. E. WARREN for appellants.

JOHNSTON & WYMAN for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Mrs. Levitia Carter, a resident of Mayfield, died on March 8, 1910. She had made a will on October 20, 1905, which, after her death, was duly probated.

So much of the will as is here involved reads as follows: "First: I desire that all my just debts be paid, after which I give and bequeath to my grand-daughter, Ollie Reynolds, wife of Wash Reynolds, all of my household goods and three hundred dollars in cash; but if she should die before I do, then I desire that her children take said property. Second: It is my further will that my son, J. C. Carter, be appointed my executor with power to make deed of general warranty to any real estate that I may own at the time of my death; and that he use his own discretion as to whether said sale be made public or private; that he have one-seventh of the proceeds of my real estate; and that he pay to my son, A. J. Carter, one-seventh; to my daughter, Elizabeth Austin, one-seventh; to the children of my deceased daughter, Mary Jane Wyatt, one-seventh; to the children of my deceased daughter, Maude Eugene Wyatt, one-seventh; to the children of my deceased daughter, Ada Byron Wyatt, one-seventh; and to my daughter, Sarah Green, one-seventh."

At the time she made this will Mrs. Carter was an old woman and had no property except a house and lot in Mayfield and her household goods; and this was all she possessed at the time of her death.

The house, after Mrs. Carter's death, was rented by the executor, and after his resignation, by the administrator with the will annexed, and the rentals so received were applied to the payment of funeral expenses and

other indebtedness of Mrs. Carter's estate, until March 16, 1914, when the real estate was sold for $695.00.

The administrator with the will annexed instituted this suit in the Graves Circuit Court to obtain a construction of the will; and the chancellor adjudged that the devise of three hundred dollars to Ollie Reynolds was a charge upon the real estate mentioned, from which judgment the plaintiffs appeal.

At the time she made the will in question Mrs. Carter was making her home with her granddaughter, the appellee, Ollie Reynolds. Her only income was that received from the renting of the house owned by her. She had previously lived with her said granddaughter about three years and paid nothing during that time for her maintenance; when she went back to appellee's the last time she made the will here involved, and thereafter paid to appellee the income received by her from the house mentioned, in consideration of her support. She was quite old, and lived with appellee about five years. The house owned by her rented for ten dollars per month, and this, less the taxes and other charges, was the extent of her income.

The record shows that Mrs. Carter was fully cognizant of the nature and extent of her resources at the time she made this will.

It will thus be seen that unless we impute to Mrs. Carter an intent to bequeath to her granddaughter "in appearance only, and not in reality," no other construction may be placed upon her will except that she intended the three hundred dollars to be a charge upon her real estate.

It is true that the general rule is that an insufficiency of assets will operate to abate a general legacy; but this rule would be inapplicable if it was the intention of Mrs. Carter that the three hundred dollar legacy to her granddaughter should be paid out of the proceeds of the real estate; and we are unable to understand that Mrs. Carter could have expected it to be paid in any other manner or from any other source. She had no such sum in her possession when she made the will; nor had she any reasonable expectation, so far as the record shows, of having such sum when she should die, for the little income available to her was insufficient for a reasonable maintenance, hence there remained no possibility of any accumulation thereof.

So it must either be said that Mrs. Carter intended that this three hundred dollar legacy should be paid out of the proceeds of her real estate, or else she did not intend that her granddaughter should have it; and this latter we are unwilling to believe.

If Mrs. Carter intended her granddaughter, with whom she made her home in her declining years, and whom she mentions first in her will before her own children, to have this three hundred dollars at all, she certainly intended it to be paid out of the proceeds of her real estate; and that such was her intention we do not doubt.

This court has many times written that in the exposition of wills the rule is that the intention of the testator shall prevail.

The chancellor has so construed the will in question; and his finding we approve.

Judgment affirmed.