## Bath County, By et al. v. Denton, et al.

(Decided January 7, 1915.)

### Appeal from Bath Circuit Court.

Fiscal Courts—Power to Control Property of the County—Conflict of Authority With Jailer.—Under Section 1840 of the Kentucky Statutes, the fiscal court has jurisdiction to regulate and control the fiscal affairs and property of the county, and when it leases property of the county that is not needed for public business or purposes to private persons, the jailer of the county cannot, by an action in ejectment, dispossess the lessees without the consent of the fiscal court. The authority of the fiscal court in the conduct of the business of the county is superior to that of the jailer, except in cases in which the jailer is by statute given paramount authority.

W. S. GUDGELL for appellant.

W. B. WHITE and G. C. EWING for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Robert E. Duff, the jailer of Bath county, brought this suit in ejectment against the appellees, Denton and Conner, to recover from them the possession of two lots which were a part of the public square in Owingsville, the county seat of Bath county, on which square is situated the courthouse and other public buildings of the county.

In an amended petition it was averred that the two lots in the possession of appellees were contiguous to the county jail, and their present use by the appellees was a menace to the safety of the occupants of the jail and they were necessary to the jailer for the convenience and enjoyment of the property in which he lived.

The separate answers filed by the appellees, after admitting that the lots were owned by Bath county, set up that one of the lots for many years prior to 1902 had been occupied by the appellees and their lessors by a blacksmith shop and the other by a livery stable; that in 1902 the fiscal court of Bath county, by orders of court duly made and entered, leased these lots to Coon and others for a period of sixteen years, in consideration of an annual rental charge, with the privilege in the lessees of sub-leasing the property, which privilege the lessees exercised by sub-letting it to the appellees.

If the jailer did not have authority to question in this action the power of the fiscal court to make the leases mentioned, then the decision of the lower court in overruling demurrers filed to the answers, which, in effect, amounted to a holding that the action could not be maintained, was correct, and the judgment should be affirmed, as it is not disputed that the appellees are holding the property under authority of the leases.

Section 1840 of the Kentucky Statutes provides, among other things, that the fiscal court shall have jurisdiction "to regulate and control the fiscal affairs and property of the county," and it is the contention of counsel for appellees that the fiscal court had, by virtue of this statute, jurisdiction and power to lease these lots in the manner stated, and this being so, any action to oust the tenants from possession must be brought in the name of or by the authority of the fiscal court, and the jailer not having this authority, had no right to institute or maintain the action.

On the other hand, the argument in behalf of the jailer is that, under Section 3948 of the Kentucky Statutes, the jailer is made the superintendent of the public square at the seat of justice and clothed with "power and it shall be his duty to institute and carry on the appropriate civil procedure in the name of the county to recover possession of and for injury to, or intrusion or trespass which may be committed on any of the county property named in this chapter," and so he was vested with authority to maintain this action without asking either the advice or consent of the fiscal court.

The fiscal court is the governing authority in county affairs, and has by the statute general control of all matters that concern the county, unless the right of control has been lodged by statute in some other officer or body,

and there is really no conflict between the authority granted to the fiscal court and the authority granted to the jailer under the statutes mentioned. It is true the jailer has a right, under Section 3948, to institute such proceedings as may be necessary to recover possession of property of the county and damages for any intrusion or trespass which may be committel on or against it. But this does not mean that he has power to override the authority of the fiscal court, or that when the fiscal court undertakes to control in such manner as its judgment and discretion may dictate the property of the county, the jailer may nullify its action by independent proceedings initiated on his volition. The power of the fiscal court in the exercise of authority within its jurisdicton is superior to the authority of the jailer, and the jailer cannot nullify its authority in the manner attempted in this action.

In Owen County v. Green, 129 Ky., 750, it was contended that the jailer of the county and not the fiscal court was the proper party to institute an action to recover property of the county, but we said, in construing sections 1840 and 3948 of the Kentucky Statutes, that while Section 3948 ''gives the jailer the power and makes it his duty to institute actions to recover possession of public county buildings, it was not intended to deprive the fiscal court of the power to regulate and control these buildings and institute such actions with reference thereto as it might deem necessary.''

It is entirely probable that many counties in the State own lots and other real estate not occupied by public buildings, or needed for public purposes, that are used by private persons under contract with the fiscal court, and it was certainly not contemplated that the jailer of the county might disposses persons to whom the fiscal court had leased such property.

Counsel for appellant offer the argument that fiscal courts have no power to lease public property to the detriment of the public good or that has been set apart for or that is needed for public purposes. But the question of the jurisdiction or power of the fiscal court to lease or dispose of property set apart for public use is not properly before us in this record, and so we will not consider it. The only matter here presented is the right of a jailer to eject persons from property they are holding under a lease from the fiscal court.

This we think the jailer cannot do, and the judgment is affirmed.