# CASSANDRA BRISTOL ET AL.

## vs.

# BERTRAM N. STUMP ET AL.

*Specific or General Devise—Residuary Clause—Enumeration of Particular Property.*

The question whether a testamentary gift of real estate is specific or general is to be determined by the same tests as where the subject of the gift is personal property.          p. 239

In determining whether a gift is specific or general, the intention of the testator, as gathered from the whole will, must govern, if not inconsistent with some principle of law, and such construction must be given as will gratify every part of the will, if it can be done consistently with the general intent.          p. 239

The mere enumeration in a residuary clause of particular property as included therein will not make the devise or bequest of such property specific rather than general, though the case is otherwise when an intention appears to make two distinct gifts, one of specific property and the other of the residue.

pp. 240-242

*Decided March 16th, 1920.*

Appeal from the Circuit Court for Harford County (HARLAN, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ., BURKE, J., by reason of his resignation, not participating in the decision.

*J. Albert Baker and John L. G. Lee,* for the appellants.

*James J. Archer,* with whom was *S. A. Williams* on the brief, for the appellees.

PATTISON, J., delivered the opinion of the Court.

Herman Stump, Esq., late of Harford County, deceased, departed this life in January, 1917, after having first executed his last will and testament dated the 26th day of August, 1913, in which, after providing for the payment of his debts and costs of administration, he devised and bequeathed his estate as follows:

To his nephew, Bertram N. Stump, he gave his family portraits, his watch fob, a loving cup and certain specific articles of his household furniture; to his niece, Rose Murray, he gave his bedroom clock, formerly belonging to her mother; and to his great-nephew, Herman S. Murray, he gave his watch. Then follows the clause in which it is said:

"I give, devise and bequeath to Bertram N. Stump the sum of two thousand dollars ($2,000) in trust to use and dispose of the same as in his judgment and discretion is for their best interests, one-half for the benefit of my nephew, John W. Stump, of the State of Texas, or his family, and the other half for the use and benefit of my niece, Cassandra Bristol, of the State of Texas or her family."

To his wife he gave the furniture in his dwelling house for and during her natural life. Then appears the direction that the mortgage on his real estate shall be paid out of his real estate, and not out of his personal property. The will then concludes by saying:

"I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, including my farm called 'Waverly,' to my nephew, Bertram N. Stump, and his heirs forever, and I constitute and appoint my said nephew to be my executor without bond."

As shown by the administration account, filed in a special case stated, the entire personal assets of the estate amounting to $2,503.82, were insufficient to meet the expenses of admin-

istration and to pay the claims against the estate, which amounted in all to $2,750.49, making it necessary for the executor to advance to the estate the sum of $246.67 to pay such deficiency; leaving the bequest of $2,000 to Bertram N. Stump, in trust, wholly unpaid. It follows, therefore, that if said bequest is paid at all, it must be paid from the real estate of the testator, which at the time of the execution of the will as well as at the time of his death consisted of the farm of "Waverly" only.

The sole question presented by this appeal is whether the "gift, devise or bequest" to Bertram N. Stump of the sum of $2,000 in trust, one-half for the benefit of his nephew, John W. Stump, or his family, and the other half for the benefit of his niece, Cassandra Bristol, or her family, is a charge or lien upon the farm called "Waverly."

Chapter 438 of the Acts of 1894, now Section 331 of Article 93 of the Code of 1912, provides that:

> "In all wills hereafter executed, the real estate of every testator not specifically devised shall be chargeable with the payment of pecuniary legacies, wherever the personal estate after the payment of debts shall prove to be insufficient, unless the contrary intention shall clearly appear."

By the above quoted statute, the bequest to Bertram N. Stump in trust for the parties mentioned is a lien upon the farm "Waverly," unless it be held that said farm was specifically devised unto him, or unless the contrary intention of the testator clearly appears.

A specific legacy is defined in *England* v. *Vestry,* 53 Md. 469, as a "bequest of a particular thing, or money, specified and distinguished from all others of the same kind, as of a horse, a piece of plate, money in a purse, stock in the public funds, a security for money, which would immediately vest with the assent of the executor. 1 *Roper on Legacies,* 190; *Chase* v. *Lockeman,* 11 G. & J. 209. It differs from a gen-

eral or pecuniary legacy in this respect, that, if there be a deficiency of assets, the specific legacy will not be liable to abate with general legacies; nor, if such specific legacy fail by reason of the failure of the specific fund, will the legatee be entitled to any recompense or satisfaction out of the personal estate of the testator. 1 *Roper,* 190."

In *Mayo* v. *Bland,* 4 Md. Ch. 487, the Chancellor held that "in order to constitute a bequest of personal estate specific, there must be a segregation of the particular property bequeathed from the mass of the estate, and a specific gift of a specified portion to the legatee." See *Miller* v. *Weber,* 126 Md. 663.

In *Dryden, Executor, v. Owings,* 49 Md. 364, JUDGE ROBINSON, speaking for this Court, said: "In as much as specific legatees are not liable to contribution in cases of a deficiency of assets, and in as much as the legacy fails entirely if the testator parts with the property or things specifically bequeathed, Courts lean against construing the legacy to be specific, and have gone so far as to say that in no case ought a will to be so construed unless the language imperatively requires it." *Gardner* v. *McNeal,* 117 Md. 34.

The question whether a testamentary gift of real estate is specific or general is to be determined by the same tests as where the subject of the gift is personal property. *Estate of Painter,* 150 Cal. 498. 11 *Amer. & Eng. Ann. Cases,* 760.

With these observations we will proceed to consider whether the gift or devise to the testator's nephew, Bertram N. Stump, of the farm "Waverly" is a specific or general devise. In determining this question, the intention of the testator, as gathered from the whole will, must govern, if not inconsistent with some principle of law, and such construction must be given as will gratify every part of the will, if it can be done consistently with the general intent. *Bowly's Lessee* v. *Lammont,* 3 H. & J. 4. *England, Executor, v. Vestry, supra.*

The testator in disposing of his estate first makes certain specific bequests to those mentioned. He then provides for

the creation of the trust fund of $2,000 for the benefit of his nephew and niece, John W. Stump and Cassandra Bristol. Then follows the bequest to his wife and his direction that the mortgage upon his real estate be paid out of his real estate and not from his personal property. He then devised to his nephew, Bertram N. Stump, the rest and residue of his estate, real, personal and mixed, including therein his farm "Waverly."

The rule is that the enumeration of property in a residuary clause of a will in general terms does not constitute the legacy or devise a specific one. There must be something in connection with the enumeration of property to show that the testator's intention was to make the devise or legacy a specific one before the Courts will so declare it. *England, Executor,* v. *Vestry, supra; Estate of Painter, supra; Fielding* v. *Preston,* 1 DeGex & Jones, 438; *Pickup* v. *Atkins,* 4 Hare, 624; *Taylor* v. *Taylor,* 6 Simons, 246; *Mills* v. *Mills,* 7 Simons, 701; *Bailey* v. *Wagner,* 2 Strobh. Eq. (S. Car.) 1; *Le Rougetel* v. *Mann,* 63 N. H. 472; *Walker's Estate,* 3 Rawle (Pa.) 229, and other cases.

In the case of *Estate of Painter,* the testator devised to his wife and sons, naming them, "All those certain parcels of land, with improvements, in south line of Washington Street, between Battery and Front Streets, 20 feet by 60 feet deep, known as No. ——. *Also,* southwest corner of Sansome and Washington Streets, 45 10-12 feet by 67 feet; *also,* northeast corner of Powell and Filbert Streets, 68 9-12 feet on Powell by 137 feet on Filbert Street; *also* southeast corner of Powell and Jackson Streets, 48 feet on Jackson by 90 on Powell Street; *also,* lot on Broadway Street known as No. 729, 21 by 137½ feet, together with all real estate I may hereafter accumulate, as well as moneys at interest, etc., not otherwise appropriated."

The Court in that case said: "A bequest or devise of the residue of an estate is general * * * The fact that in giving such residue the testator describes as included in it or form-

ing a part of it, certain specific property owned by him, does not alter the character of the residuary gift. But where the language used indicates an intention to make two distinct gifts—one of specific property and the other of the residue— the specific legacy or devise is not rendered general by the fact that there is a gift of the residue to the same person. We think the language of this will brings it within the principle of the cases last cited. The testator indicated, as plainly as language could do it, his intention to give to his wife and sons the particular parcels of real estate described in the will. That he added to this gift the words 'together with all real estate I may hereafter accumulate,' etc., did not make the preceding enumeration a mere part of the residuary gift."

In *Martin, For An Opinion,* 25 R. I. 1, the Court said: "In regard to property bequeathed under the 15th residuary clause, which reads as follows—'all the rest and residue of my estate I give, devise and bequeath to my said son, to him, his heirs and assigns forever, including all my household furniture, ornaments, books, pictures and utensils,' it is contended that all the enumerated articles are specific and not general legacies. We do not think so. The general rule is that a residuary legacy is general and not specific, and we think it applies in this case. Merely enumerating some of the articles contained in the residuary clause does not alter the character of the legacy."

The eighth clause of the will in *England, Executor,* v. *Vestry,* the clause there construed, reads as follows: "I give, devise and bequeath to Annie L. England, wife of John G. England, Jr., the residue of said unimproved lot, my property on Washington Street in said town of Rockville, improved by the brick dwelling house in which I now reside and the brick building in which Curtis has his saddler's shop, all my house-hold and kitchen furniture, stocks, bonds, notes and other evidences of debt, and all the rest and residue of my estate, real, personal and mixed, to her, her heirs and assigns forever, in fee simple. It was admitted that the devise of the

real estate was specific, and it was strongly urged that by a proper construction of the said clause of the will, the said chattels and bonds were specifically bequeathed to her. The Court, however, held otherwise, and recognized the rule that we have stated, that the enumeration of some particular articles in the residuary clause of the will does not constitute the articles so enumerated specific legacies.

In *Fielding* v. *Preston, supra,* cited by this Court in *England* v. *Vestry,* in support of the above stated rule, the Chancellor said: "It would be very dangerous to hold that in a will where there is a gift of the residue, and the testator unnecessarily chooses to enumerate some particular things in that residuary gift, such a circumstance was sufficient to constitute the thing so enumerated specific gifts. It rarely happens, that in the gift of a residue, something is not mentioned specifically. * * * Suppose the will to be worded thus: 'I give to Henrietta, her executors, administrators and assigns, all my other personal estate, *including my funded property.'* That would not have been specific."

In the case before us the farm "Waverly" is not segregated from the rest and residue of the testator's estate and specifically devised as such, but on the contrary it is expressly stated that it forms a part of that portion of his estate which is described and devised as the rest and residue of his estate, real, personal and mixed. There is nothing in the language used to indicate that there were to be two distinct gifts, one a specific devise of the farm and the other of the residue, as in the *Estate of Painter, supra.* There was but a single devise—a devise of the rest and residue of the testator's estate—which expressly included the farm "Waverly," and there is nothing, so far as we are able to discover, in any part of the will from which we may infer that it was the intention of the testator, in mentioning the farm "Waverly" in the residuary clause of his will to specifically devise it, his object no doubt in mentioning it was to de-

scribe with more particularity the property included within the term "rest and residue" of his estate.

The testator is presumed to have known the amount and character of his property and to have made his will accordingly; and it would be a violent presumption to suppose that he intended to destroy and annul the trust estate created for the benefit of his nephew and niece by specifically devising in the residuary clause of his will his farm "Waverly," thereby removing the only asset of the estate chargeable with such bequest.

The bequest of $2,000 in trust for the benefit of his nephew and niece, John W. Stump and Cassandra Bristol, is in our opinion a lien or charge upon the farm "Waverly."

The decree of the lower Court must, therefore, be reversed.

> *Decree reversed and cause remanded, that a decree may be passed in accordance with this opinion, costs to be paid out of the estate.*