ORR *v.* GRIFFITH.

4-3240

Opinion delivered December 11, 1933.

*W. G. Dinning,* for appellant.

*A. M. Coates* and *Brewer & Cracraft,* for appellee.

McHANEY, J. Appellant is the administrator, with the will annexed, of the estate of James Howard, who died in Phillips County, July 22, 1930. He brought this suit in the Phillips Chancery Court against all the devisees and legatees named in will to obtain a construction thereof by the chancery court. The will, omitting formal parts, is as follows:

"1st. It is my desire that my funeral expenses and all of my just debts be fully paid and discharged and given preference in the settlement of my estate.

"2nd. It is my desire to be buried on the Shelton lot in Maplelawn Cemetery, located in Paducah, Kentucky.

"3rd. I will and bequeath the sum of three hundred dollars to the following friends, to be divided as follows: One hundred dollars to the infant son, James Howard Griffith, of Mr. and Mrs. John Griffith, of Helena, Arkansas; fifty dollars each to the two infant children of Mr. and Mrs. J. J. Billingsley, of Helena, Arkansas; one hundred dollars to Joe Willie Smith (col.), of Helena, Arkansas.

"4th. Of my personal effects, I will and bequeath my watch to Mr. Jas. E. Shelton, of Paducah, Ky., and my ring to Mr. Slavie Mall, of Paducah, Ky.

"5th. I will and bequeath a $2,500 life insurance policy, said policy being payable to my estate, to Mrs. Kathren Shelton Ward, daughter of Mrs. Birtie E. Shelton, of Evansville, Ind., said bequest being made solely for the benefit of Mrs. Birtie E. Shelton, and to be paid to her daughter, Mrs. Ward, as custodian, to be used by her as she sees fit.

"6th. Of the balance of my personal property, consisting of Gulf Oil Corporation certificates of stock; U. S. Government bonds; banking account in the Interestate Bank, and the Merchants' & Planters' Bank, both of Helena, Arkansas; a sick and accident policy in the sum of $5,000, Business Men's Assurance Company of America, of Kansas City; and all other real or personal property of which I may die seized, I will and bequeath to the following relatives, to be divided equally, share and share alike, said relatives being the children of Mr. and Mrs.

Joe Shelton, of Evansville, Ind., and the children of Mrs. Mollie Shelton (widow), of Paducah, Ky.''

The particular construction of this will desired was of the 3d, 5th and 6th paragraphs, the administrator being in doubt as to whether the bequests made in these paragraphs are specific, demonstrative, or general bequests.

The court construed the will as follows: That the bequests made in section 3 were general bequests and that the amount specified to be paid to the devisees therein named were to be paid out of the general assets after the payment of costs of the administration and prior claims against said estate made so by said will or by law; that section 5 of the will is a specific bequest, and that the devisee named therein is entitled to receive the full amount of the proceeds of the insurance policy without being required to contribute *pro rata* with the devisees named in section 3; and that the bequests contained in the 6th paragraph of the will are residuary and should be paid out of the remainder of the general assets of said estate after payment of the costs of administration, the claims of said estate made prior by the will or by law and the payment of the legacies named in the 3d paragraph of said will. The administrator has appealed.

Assuming, without deciding, that the administrator may prosecute this appeal when the legatees themselves are not complaining, we are of the opinion that the court correctly construed the will. It is conceded by appellant that the construction as to the 5th paragraph of the will is correct, that the bequest there made is a specific one, but it is contended that the construction as to paragraph 6 is incorrect, and that the bequests there made are likewise specific; and that the legatees mentioned in both paragraphs 5 and 6 should be required to bear *pro rata* the cost of administration, and to pay *pro rata* the claims probated against the estate, in accordance with the rule announced in *Holcomb* v. *Mullin*, 167 Ark. 622, 268 S. W. 32. It will be noticed that the 6th paragraph of the will starts out by saying ''of the balance of my personal property, consisting,'' enumerating certain stocks, bonds, deposits and insurance. It then continues, ''and all other

real or personal property of which I may die seized," etc. This is undoubtedly a residuary clause. The residue of an estate is that which remains after the payment of all costs, debts and particular legacies. 28 R. C. L., p. 296. In 28 R. C. L., p. 297, it is said: "The general rule is that an enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles, unless they are designated in such a way as to differentiate them from the residue."

So the fact that the testator in section 6 of his will named the kind of personal property he was bequeathing does not change the clause from a residuary to a specific bequest.

The court having correctly construed the will, its judgment must be affirmed.