## Hughes v. Threlkeld et al.

Feb. 3, 1939.

H. CLAY KAUFFMAN and HON. HENRY JACKSON for appellant.

HON. E. V. PURYEAR and CLAY & CLAY for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

Sallie H. Gentry died testate in 1926. By her will she bequeathed various sums of money to numerous legatees and in the residuary clause she provided:

"Item 11. All the rest and residue of my estate remaining after the payment of the specific devisees, including my share and interest in the estate of my brother, Samuel Harding, I give and bequeath to Margaret Harding Hughes and Lettie Brittain, equally, share and share alike."

It appears that there was not a sufficient amount in the estate at the time of Mrs. Gentry's death to pay all of the legacies of cash in full. Testatrix had an interest in remainder in the estate of her brother Samuel Harding. The life tenant of that estate died in 1937 and the remainder has thus become vested in possession. The question now arises as to whether or not the proceeds of this remainder interest shall oe used to pay off the cash legacies or whether the expression "including my share and interest in the estate of my brother" was intended by testatrix to be a specific bequest of that particular interest to Margaret Harding Hughes and Lettie Brittain to the exclusion of others.

The Chancellor adjudged that the interest in the estate of Samuel Harding should be used first in the satisfaction of specific legacies and the residue, if any, should then be paid to Margaret Harding Hughes and Lettie Brittain. Mrs. Hughes alone has appealed.

It is argued that it is the duty of the courts in construing a will, where possible, to give effect to every clause or word; that the residuary clause of Mrs. Gentry's will would be effective in the same manner as was adjudged by the Chancellor even if all reference to the interest of testatrix in her brother's estate was taken out. It is claimed, therefore, that the only way to make the phrase effective is to construe it as a specific bequest.

We are unable to agree with appellant's contention. Admitting for purposes of argument that the participial

phrase is surplusage so far as the result is concerned, it seems clear that it was intended to modify the words "rest and residue." There could be no other construction that would give effect to the word "including." Had testatrix said "All the rest and residue of my estate * * * and my share and interest in the estate of my brother, * * * I give and bequeath to Margaret Harding Hughes * * *," there could be little doubt that appellant's claim would be sound. Unfortunately for her this was not what was said. Testatrix obviously meant that her residuary estate should "include" her interest in the estate of her brother but also she meant that it, the residuary estate, should be limited to what remained after the payment of specific bequests.

To adopt appellant's contention would be to assume that the bequests of money were "in appearance only, and not in reality." Carter's Administrator v. Reynolds, 162 Ky. 39, 171 S. W. 1001. We are convinced that testatrix intended that the specific bequests should be paid and we are firmly of the opinion that she intended that her interest in her brother's estate should be used if necessary in making the payments. The very fact that the phrase appears in the residuary clause of the will strongly negatives an intent to make a specific bequest, all other indications aside. The Chancellor properly construed the will.

Judgment affirmed.