## Ball, County Judge, et al. v. Scott, Jailer.

Jan. 19, 1940.

Eldred E. Adams and J. H. Ekers for appellants.

C. A. Lycan and C. F. See, Jr., for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Ed Scott, at the time of the filing of this petition in the Lawrence circuit

court, on November 14, 1939, was the jailer of Lawrence County and as such he appeared before appellants and defendants below, composing the Fiscal Court of the county, and asked for an appropriation out of the county funds to enable him to discharge the duties imposed by Section 3948, of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and which he fixed at the sum of $2,500. The Court declined to make the appropriation requested by him, followed later by his filing this action seeking mandatory orders to accomplish the same result. Defendant's demurrer to the petition was overruled; but their motion to require him to specify the items (as well as the necessity requiring the requested appropriations) was sustained, and plaintiff filed a statement for what he claimed was necessary, as well as the purpose for each enumerated item, which aggregated $3,538, although five months of the current fiscal year had expired at the time and the appropriation requested was for defraying the necessary expenses to be incurred during the remaining seven months of the same fiscal year.

After defendants' demurrer to the petition was overruled, they answered it in a number of paragraphs, one of which averred that prior to the beginning of the current fiscal year a county budget had been prepared and adopted by defendants, composing the Fiscal Court of the county; which contained an appropriation aggregating more than $4,000, to procure the performance of the services enumerated in the section of the statute, supra. The order directed that a janitor be employed at $40 per month, and that utility services for the county buildings and offices—such as heat, light and telephones —should be paid by the jailer certifying the correctness of each monthly account, and the renderer of such services would then present the account to the county court clerk who would issue a warrant upon the treasurer for its payment. Such services would thereby be rendered and paid for otherwise than by the jailer personally out of appropriations therefor and not by payments made by himself with the appropriated funds, which he insists should be turned over to him and expended by him in the exercise of his individual discretion.

The prepared and adopted budget also took care of other necessary expenditures enumerated in the statute, but left with the jailer a large discretion in the performance of his superintending duties imposed by that statute as relating to minor matters. The court sustained plain-

tiff's demurrer to the answer and, upon defendants' declining to plead further, judgment was rendered directing "that the defendants and each of them within twenty days from the date of the entry of this order assemble in special session in the courthouse in Louisa, Lawrence County, Kentucky, and acting as the Fiscal Court of Lawrence County they shall appropriate of the county funds a sum sufficient to purchase the labor and materials necessary to keep the courthouse, clerk's offices, jail, stray pen, jailer's residence and public square in repair and in clean, comfortable and presentable condition and heat and light the same for the remainder of the fiscal year expiring June 30, 1940, which sum so appropriated shall be expended by the jailer, plaintiff herein, for the purposes aforesaid, free from the control of the fiscal court and the members thereof, defendants herein." From that judgment defendants prosecute this appeal.

The prepared budget referred to withheld from the jailer the right to incur expenses for repairs to public buildings and other matters of more or less major importance, but did include an item of $360, payable monthly to him with which to supply minor matters, such as light bulbs and others of a kindred nature, and it is the withholding from him of absolute authority to expend the appropriation for all purposes covered and embraced by the section of the statute, supra, of which plaintiff chiefly complains. The question, therefore, presented by the record is—whether the section supra (3948), considered in connection with Section 1840 of the same statute, compels the Fiscal Court of the county to appropriate and turn over to the jailer the entire amount necessary to defray all the matters embraced by it and to relinquish all control over the appropriated fund by the Court?

It is our conclusion that our opinions in the cases of Bath County v. Denton, 162 Ky. 47, 171 S. W. 1000, and Bath County et al. v. United Disinfectant Co., 248 Ky. 111, 58 S. W. (2d) 239, and others referred to therein, in construing together the two sections of the statute referred to, sustain the right of county Fiscal Courts to pursue the course adopted by defendants in this case and so as to deprive the jailer of the right to the corporeal possession of such appropriations, with the additional right to expend the fund on his own initiative in the exercise of his individual discretion, free from any control of the Fiscal Court. Plaintiff's contention herein is contrary to that interpretation.

In the cited Denton case, the right of the jailer on his own initiative to maintain an action to recover possession of the county's property was involved, and which right is conferred by Section 3948 of the statute referred to. However, this Court said [162 Ky. 47, 171 S. W. 1001]: "But this does not mean that he has power to override the authority of the fiscal court, or that, when the fiscal court undertakes to control in such manner as its judgment and discretion may dictate the property of the county, the jailer may nullify its action by independent proceedings initiated on his volition. The power of the fiscal court in the exercise of authority within its jurisdiction is superior to the authority of the jailer, and the jailer cannot nullify its authority in the manner attempted in this action."

Other parts of the opinion clearly point out that the two sections of the statute should be construed together and that the superior control of the matters dealt with by them rest primarily with the Fiscal Court and not with the jailer; and that Section 3948 should not be given the effect of curtailing such general superintendency by the Fiscal Court by substituting therefor the discretion of the jailer. The United Disinfectant Company case is to the same general effect, as is also true of other cases referred to in those opinions. The substance of such interpretation is that Section 3948 delegates to the jailer the duty to superintend and supervise the procuring and performance of the services and other matters and things enumerated in it, and vest him with the right to compel the Fiscal Court to make available funds for the purpose, provided such purpose is necessary, but with a veto power on the part of the Fiscal Court as to such necessity.

Here the Fiscal Court, in its prepared and adopted budget, set apart funds to meet the expenses for all the services and other expenditures contained in the statute, amounting, as said, to more than $4,000, but at the same time followed the long prior established course of acquiring and paying for such necessities through methods by which the appropriation would not go into the hands of the jailer, and objecting thereto he filed this action. Carried to its logical conclusion, his contention would permit him to determine whether or not any public building under his charge should or should not be repaired and, if so, the kind, character and extent thereof, as well as the necessary expense in making such repairs. Like-

wise, he might determine that other expenses were necessary with reference to matters strictly and exclusively within the control of the Fiscal Court, and it is argued that in all such cases the determinations of the jailer with reference thereto would and should prevail over adverse determinations of the Fiscal Court, with the latter compelled not only to surrender its superior control but also meet the expenses incurred by the jailer in carrying out his determinations. The two sections of the statute construed together were never intended to provide for any such consequence, and for that reason it is concluded that the court erred in sustaining plaintiff's demurrer to defendants' answer and in rendering the judgment appealed from upon failure to amend.

One of the paragraphs of the answer, by way of set-off and counterclaim, sought to recover from plaintiff judgment for alleged unlawful appropriations theretofore made to him by the Fiscal Court through a mistake of law. The court appears to have ignored such affirmative relief by rendering no judgment thereon and it appears to have been abandoned upon this appeal, since neither brief mentions or discusses it.

Wherefore, for the reasons stated the judgment is reversed with directions to set it aside and to overrule plaintiff's demurrer filed to the answer, and for further proceedings consistent with this opinion.