### TOLSON v. WOLFE COUNTY FISCAL COURT et al.

Court of Appeals of Kentucky.

Nov. 9, 1951.

Leebern Allen, Campton, for appellant.

E. E. Bach, J. Douglas Graham, Campton, for appellees.

CAMMACK, Chief Justice.

This appeal is from a judgment holding that an order of the Fiscal Court of Wolfe County does not limit or interfere with the rights or duties of the jailer of that County. The order recites:

"Ordered by the Court that a curb be placed on all orders that are needed to be made for supplies for the Jail and Courthouse, in the future there must be at least the approval of two members of the Fiscal Court, before an order is to be made for said supplies."

Under KRS 67.080, the management of the fiscal affairs of a county is vested in the fiscal court. KRS 67.130 provides that the jailer shall be superintendent of the public square and all public buildings at the county seat. The fiscal court is required to appropriate an amount sufficient to maintain those buildings. The sums so appropriated shall be expended by the jailer.

In commenting upon the foregoing statutes, we said in the case of Ball v. Scott, 281 Ky. 449, 136 S.W.2d 48, that a fiscal court could conduct business affairs in such a manner as to deprive a jailer of the right of the corporeal possession of all the appropriations made for his office. The jailer has no right to expend the funds appropriated to his office on his own initiative and in the exercise of his individual discretion. The power of the fiscal court is superior to the authority of the jailer. The jailer may not expend the funds appropriated to his office free from any control of the fiscal court.

While the order adopted by the Wolfe County Fiscal Court may be cumbersome from an administrative point of view, it clearly falls within the reasoning of the Ball opinion.

Judgment affirmed.