In re
**ESTATE of Susan E. BOULTINGHOUSE,**
Deceased.

No. 5303.

Court of Civil Appeals of Texas, El Paso.

Jan. 28, 1959.

Rehearing Denied Feb. 11, 1959.

Guinn & Guinn, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, James S. Moore, El Paso, for appellee.

LANGDON, Chief Justice.

This appeal originated in the County Court of El Paso County, Texas, on the application filed therein by the State National Bank of El Paso, Administrator, with will annexed, of the Estate of Susan E. Boultinghouse, Deceased, to sell certain real and personal property devised to Contestant, Margaret Fickling, for the purpose of paying debts of the estate. Contest of the application of the Administrator was filed on the ground that the Contestant, Margaret Fickling, is a specific, rather than a residuary, devisee under said will.

From an order of sale entered in the County Court of El Paso County (Probate Division) authorizing the sale of certain personal property, real estate and United States Government Bonds, an appeal was taken by the Contestant to the District Court of El Paso County, in which court summary judgment in favor of applicant, Administrator, was entered on December 26, 1957, authorizing the sale of certain real and personal property of the Estate of Susan E. Boultinghouse, Deceased, and de-

vised to the Contestant, Margaret Fickling, in the residuary clause of the will. From the decree of the district court, Contestant appeals.

The sole question involved in this case is the construction of the will of Susan E. Boultinghouse, deceased. The will, omitting formal parts, is as follows:

"I. I direct that all my just debts including those incident to my last illness and interment shall be paid out of my estate as soon after my death as my hereinafter appointed executrix shall deem convenient and proper.

"II. I give, devise and bequeath unto my friend Dorothy Ann Bailey, of El Paso, Texas, the following described property, to-wit:

Lots Twenty-six (26) and Twenty-seven (27) in Block One Hundred Six (106), of the Highland Park Addition to the City of El Paso, El Paso County, Texas, which property is also known as No. 2712 Altura Boulevard, El Paso, Texas, together with all the furnishings and personal property therein at the time of my death.

"III. I give and bequeath unto my beloved friend Margaret Holloway, of El Paso, Texas, my diamond ring.

"IV. I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed to my cousin, Margaret Fickling, of Lynwood, California. This residue includes, but is not limited to (1) my new home described as Lot One Hundred Ninety-nine (199), in Block Twenty-three (23) of Second Section of Loretoo Place Addition to the City of El Paso, El Paso County, Texas, which property is also known as 616 Sierra Road, El Paso, Texas; (2) any bonds I may own at the time of my death; and (3) the balance due on a promissory note payable to me, signed by Cecil Brunk. I particularly direct my executrix to collect the balance due

on this note, and to pay over the proceeds thereof to Margaret Fickling, as I desire said proceeds to go to her."

Appellant has assigned two points of error:

1. "The trial court erred in entering summary judgment for the Administrator.

2. "The trial court erred in holding that this devise of real estate to Margaret Fickling was not a specific devise."

The determination of this case depends upon the construction of Article IV of the will.

It is contended by Contestant Margaret Fickling that specific mention of the real and personal property devised to her in the residuary clause of the will distinguishes such designated property from the residue, so as to make the devise of such property specific and thus require other property of the estate to be sold prior to the sale of the enumerated property.

"The general rule is that an enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles, unless they are designated in such a way as to differentiate them from the residue." Orr v. Griffith, 188 Ark. 428, 65 S.W.2d 556, 557, 128 A.L.R. 835.

Thus, in Daiss v. Hanes, 85 Colo. 397, 277 P. 5, 6, where a residuary clause disposed of "all the rest, remainder and residue of my estate, whether real or personal, including my farm of Three Hundred and Sixty (360) acres, lying * * * (in a described location)," the court held that the devise of the farm was not specific. To the same effect are the holdings in Bristol v. Stump, 136 Md. 236, 110 A. 470; Hughes v. Threlkeld, 276 Ky. 657, 124 S.W.2d 1042; In re Martin, 25 R.I. 1, 54 A. 589.

Undoubtedly Article IV of the will of Susan E. Boultinghouse, deceased, is a true

residuary article. The testatrix, after giving particular or specific bequests and devises of real and personal property in Articles II and III of her will, gave, devised and bequeathed "all the rest and residue of my estate, real, personal and mixed· to my cousin Margaret Fickling, * * *" thus designating the property so devised as the residuum of her estate. Emphasis was added, by the testatrix, to this plain declaration of her intent as to the character of the property devised in Article IV, by her choice and use of the following language: "This residue includes, but is not limited to * * * (particularly described and enumerated properties.)"

 While we recognize that it is possible to have a specific bequest or devise in the residuary article of a will, it is an unusual disposition of property, and can become effective only when the intention of the testator is clearly to that effect: Williams v. Smith, 146 Tex. 269, 206 S.W.2d 208; Kemp v. Dandison, 169 Mich. 578, 135 N.W. 270.

■ The proceedings had below reflect that item (3), Article IV, "the balance due on a promissory note payable to me, signed by Cecil Brunk", is of little or no value and is not involved in this controversy. Accordingly, we do not feel compelled to pass upon the question as to whether the language employed by testatrix in the last sentence of Article IV of her will, "I particularly direct my executrix to collect the balance due on this note, and to pay over the proceeds thereof to Margaret Fickling, as I desire said proceeds to go to her", is, or is not, a sufficient declaration of the intention of the testatrix so as to segregate the proceeds of this note from the residuum of her estate, and to make the gift of the proceeds therefrom, if any, specific in nature rather than general.

We are unable to agree with appellant's assignments of error. This case involved no disputed questions of fact and is a proper case for the application of the rule authorizing summary judgment. Appellant

has conceded that the only question involved in this appeal is the construction of Article IV of the will of Susan E. Boultinghouse, deceased. The language used by the testatrix is clear, definite, and incapable of any other meaning than that conveyed by the words used, and there is no need to resort to technical rules of construction, the court being confined to the mere legal interpretation of the writing and the enforcement of the testatrix' intention.

Having considered the pronouncements made in the authorities presented to us, as well as the cases cited above, we find that the trial court correctly entered judgment for the Administrator, and that the devise of the real estate to Margaret Fickling in the residuary article of the will was a general, and not a specific, devise.

The judgment of the trial court is therefore affirmed.