**PULASKI FISCAL COURT et al.,**
Appellants,

v.

**Lavey FLOYD et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

Harris & Ramsey, Somerset, for appellants.

H. K. Spear, Somerset, for appellees.

PALMORE, Judge.

Following its approval of an order to the effect that the court house doors be locked from 9:00 P.M. until 4:00 A.M. daily, the fiscal court of Pulaski County adopted a further order authorizing the county judge "to buy a lock and hasp and as many keys as needed, and have the lock and hasp installed on the back door of the Courthouse." Pursuant to KRS 23.030(1) the appellees, dissenting members of the fiscal court, appealed the latter order to the Pulaski Circuit Court,[1] which held it void as an unauthorized invasion of the rights and prerogatives of the county jailer. The instant appeal challenges the correctness of that judgment.

■ The Pulaski County Jail is situated on an upper floor of the court house. The front door of the court house is kept locked at night, and the only access to the jail is by way of the back door. The position of the dissenting members of the fiscal court is that the "lock and hasp" terminology of the order in question connotes a padlocking of the back door from the outside, which would prevent unlocking from the inside and thus not only imprison the jailer himself but make it impossible for him to open up for the reception of prisoners being brought in by police officers. Conceding arguendo that an order effectively disabling the jailer from performing his fundamental and statutory duties would be unauthorized and void, we do not believe the language of this order need be so strictly construed. In our opinion it is broad enough to encompass the installation of a locking device that will permit opening of the door from the inside.

■ KRS 67.080(6) empowers the fiscal court to "regulate and control the fiscal affairs and property of the county." By KRS 67.130 the jailer of a county having a population of less than 75,000 and not having a city of the second class or a circuit court of continuous session "shall be superintendent of the public square and all county buildings at the county seat." The latter provision is not exclusive, however, but is to be construed in pari materia with KRS 67.080 and other pertinent statutes relating to the powers of the fiscal court. It was not intended to deprive the fiscal court of its superior power to regulate and control the county's buildings. Owen County v. Greene, 129 Ky. 750, 112 S.W. 854 (1908).

■ Conceding further that the jailer is lord and master of the jail itself, the fact that he must use the halls and portals of the court house to reach it does not make them a part of the jail. So long as he is provided a key, we think it is well within the legitimate and necessary powers of the fiscal court to lock the court house doors at night. The inconvenience of coming down stairs to open the door does not amount to an

1. Cf. Howard v. Saylor, 305 Ky. 504, 204 S.W.2d 815 (1947).

unreasonable interference with the performance of his office.

The action of the fiscal court in this case was precipitated by the commission of offensive acts in the court house hall during nighttime. There is no law obliging the county to provide public toilet 'facilities at all, much less to do so around the clock. And, to put it mildly, the trial court's vigorous defense of the practice of satisfying calls of nature on the court house floor comes as something of a surprise.

The cause is reversed with directions that a judgment be entered denying the relief prayed by the appeal from the order of the fiscal court.